COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





EARL MYERS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00035-CR



Appeal from


 243rd District Court


of El Paso County, Texas


(TC # 20010D05155)





O P I N I O N



 This appeal arises from the revocation of Earl Myers' deferred adjudication probation. He
complains that his forty year sentence constitutes cruel and unusual punishment under both the Eighth
Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution. 
For the following reasons, we affirm.

FACTUAL SUMMARY


 Because our disposition is predicated upon a procedural default, our recitation of the facts
will be brief. On September 26, 2003, Appellant pled guilty to aggravated sexual assault of a child, 
was sentenced to ten years' deferred adjudication probation, and assessed a $1,000 fine. As terms
of his probation, Appellant was required to perform 500 hours of community service and attend sex
offender treatment.

 On August 19, 2005, two sisters, ages ten and eleven, were walking home from school. 
Appellant drove up and called one of the children over to his truck. The girls became upset and
began crying. A resident on the block went out to see what was happening and saw the truck drive
away. This gentleman called 911, but was unable to provide information about the license plate
number. But the truck soon returned, the license number was obtained, and the police traced the car
to Appellant. Appellant admitted being in the neighborhood on the day in question, but denied
making any contact with the children.

 At the revocation hearing, Appellant admitted that he had not performed his community
service and he had not attended sex offender treatment. On the day of the incident, he was not
accompanied by an approved chaperon. He explained that he had been hospitalized, had been in a
coma for thirty-two days, had suffered memory loss, and has had to learn to walk and take care of
himself again. Appellant also has advanced emphysema and congestive heart failure. He was
experiencing financial difficulties, but was attending Alcoholics Anonymous classes and had stopped
driving as instructed by the trial court.

 The trial court found Appellant had failed to comply with the terms of his probation and
proceeded to a punishment hearing. The State offered testimony about Appellant's original offenses
of digital penetration of, and oral sexual contact with, a ten-year-old girl. The State sought
punishment of twenty years; Appellant asked to stay on probation. The trial court assessed
punishment at forty years' imprisonment.

PRESERVATION OF ERROR


 In his sole issue on appeal, Appellant contends his sentence was grossly disproportionate to
the offense in violation of both the Eighth Amendment of the United States Constitution and Article I,
Section 13 of the Texas Constitution. The State responds that Appellant has waived error. We
agree.

 To preserve a complaint for appellate review, the record must show that the complaint was
made to the trial court by timely request, objection, or motion. See Tex.R.App.P. 33.1 (a). Even
constitutional rights, such as the right to be free from cruel and unusual punishment, may be waived. 
See Rhoades v. State, 934 S.W.2d 113, 120 (Tex.Crim.App.1996)(defendant's issue regarding
violation of Article I, Section 13 of the Texas Constitution was waived for failure to object at trial);
Curry v. State, 910 S.W.2d 490, 498 (Tex.Crim.App. 1995)(defendant failed to preserve error that
sentence violated constitutional prohibition against cruel and unusual punishments under the Eighth
and Fourteenth Amendments because he never objected at trial). 

 Appellant did not object to the sentence at trial. The trial court inquired twice whether there
was any reason why the sentence should not be pronounced. Appellant did not file a motion for new
trial or otherwise bring his constitutional complaints to the trial court's attention. See Castaneda v.
State, 135 S.W.3d 719, 723 (Tex.App.--Dallas 2003, no pet.). Because Appellant has not preserved
this issue for review, we overrule his sole point and affirm the judgment of the trial court. (1)


October 11, 2007 
 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. The forty year sentence was within the punishment range for the original offense. Appellant pled guilty in
to two counts of sexual assault of a child, a first degree felony with a punishment range of five to ninety-nine years. 
See Tex.Penal Code Ann. § 12.32 (a)(Vernon 2003)