COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| WILLIAM CURTIS GRIFFIN, JR., | | No. 08-08-00017-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 292nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-06-34410-V) |
| | § | |

## **O P I N I O N**

William Curtis Griffin, Jr., appeals his conviction of driving while intoxicated, third offense. Appellant waived his right to a jury trial and entered an open plea of guilty. The trial court found Appellant guilty and assessed punishment at eight years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Because our disposition is predicated upon a procedural default, our recitation of the facts will be brief. On October 26, 2007, Appellant pled guilty to the charged offense of driving while intoxicated ("DWI"), third offense. In addition to the paragraphs alleging Appellant had two prior DWI convictions, the indictment alleged that Appellant had previously been convicted of unauthorized use of a motor vehicle which enhanced the punishment range from a third degree felony to a second-degree felony. Appellant judicially confessed to the charged offense, including the jurisdictional allegations, and pled true to the enhancement paragraph. The trial court correctly admonished Appellant that the punishment range for the offense is a fine up to $10,000 and imprisonment from two to twenty years. Appellant testified that he understood that by pleading true

to the enhancement paragraph, his punishment would range from two to twenty years in the penitentiary. *See* TEX.PEN.CODE ANN. §§ 12.33(a) & 12.42(a)(3)(Vernon 2003 and Vernon Supp. 2008). The trial court found Appellant guilty and assessed punishment at eight years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed notice of appeal.

## CRUEL AND UNUSUAL PUNISHMENT

In three related points of error, Appellant contends that the trial court abused its discretion in sentencing him to eight years' imprisonment. Appellant complains that his sentence constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution and Article One, Section 19 of the Texas Constitution.

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by timely and specific request, objection, or motion. *See* TEX.R.APP.P. 33.1(a); *Reyna v. State*, 168 S.W.3d 173, 177 (Tex.Crim.App. 2005). Even constitutional rights, such as the right to be free from cruel and unusual punishment, may be waived by failure to object. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995)(finding that the defendant failed to preserve error that his sentence violated constitutional prohibition against cruel and unusual punishments under the Eighth and Fourteenth Amendments because he never objected at trial). Appellant did not object or raise any of the complaints presented on appeal when the trial court pronounced sentence nor did he raise them in a motion for new trial. Consequently, he has failed to preserve the asserted error. *Casteneda v. State*, 135 S.W.3d 719, 723 (Tex.App.--Dallas 2003, no pet.). Even if Appellant had preserved these contentions for our review, they are without merit. Punishment assessed within the statutory range is not unconstitutionally cruel and unusual. *Casteneda*, 135 S.W.3d at 723. We overrule Points of Error One through Three and affirm the

judgment of the trial court.

August 26, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)