COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





WILLIAM CURTIS GRIFFIN, JR.,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-08-00017-CR



Appeal from


 292nd District Court


of Dallas County, Texas


(TC # F-06-34410-V)




O P I N I O N



 William Curtis Griffin, Jr., appeals his conviction of driving while intoxicated, third offense. 
Appellant waived his right to a jury trial and entered an open plea of guilty. The trial court found
Appellant guilty and assessed punishment at eight years' imprisonment in the Institutional Division
of the Texas Department of Criminal Justice. We affirm. 

FACTUAL AND PROCEDURAL BACKGROUND


 Because our disposition is predicated upon a procedural default, our recitation of the facts
will be brief. On October 26, 2007, Appellant pled guilty to the charged offense of driving while
intoxicated ("DWI"), third offense. In addition to the paragraphs alleging Appellant had two prior
DWI convictions, the indictment alleged that Appellant had previously been convicted of
unauthorized use of a motor vehicle which enhanced the punishment range from a third degree
felony to a second-degree felony. Appellant judicially confessed to the charged offense, including
the jurisdictional allegations, and pled true to the enhancement paragraph. The trial court correctly
admonished Appellant that the punishment range for the offense is a fine up to $10,000 and
imprisonment from two to twenty years. Appellant testified that he understood that by pleading true
to the enhancement paragraph, his punishment would range from two to twenty years in the
penitentiary. See Tex.Pen.Code Ann. §§ 12.33(a) & 12.42(a)(3)(Vernon 2003 and Vernon Supp.
2008). The trial court found Appellant guilty and assessed punishment at eight years' imprisonment
in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed
notice of appeal.

CRUEL AND UNUSUAL PUNISHMENT


 In three related points of error, Appellant contends that the trial court abused its discretion
in sentencing him to eight years' imprisonment. Appellant complains that his sentence constitutes
cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States
Constitution and Article One, Section 19 of the Texas Constitution.

 To preserve a complaint for appellate review, the record must show that the complaint was
made to the trial court by timely and specific request, objection, or motion. See Tex.R.App.P.
33.1(a); Reyna v. State, 168 S.W.3d 173, 177 (Tex.Crim.App. 2005). Even constitutional rights,
such as the right to be free from cruel and unusual punishment, may be waived by failure to object. 
See Curry v. State, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995)(finding that the defendant failed to
preserve error that his sentence violated constitutional prohibition against cruel and unusual
punishments under the Eighth and Fourteenth Amendments because he never objected at trial). 
Appellant did not object or raise any of the complaints presented on appeal when the trial court
pronounced sentence nor did he raise them in a motion for new trial. Consequently, he has failed
to preserve the asserted error. Casteneda v. State, 135 S.W.3d 719, 723 (Tex.App.--Dallas 2003, no
pet.). Even if Appellant had preserved these contentions for our review, they are without merit. 
Punishment assessed within the statutory range is not unconstitutionally cruel and unusual. 
Casteneda, 135 S.W.3d at 723. We overrule Points of Error One through Three and affirm the
judgment of the trial court.


August 26, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating


(Do Not Publish)