Daniel CASTANEDA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–02–01271–CR.

Court of Appeals of Texas, Dallas.

June 25, 2003.

Terri Hamby, Dallas, for appellant.

William T. (Bill) Hill, Jr., Judith S. King, Asst. Dist. Atty., Dallas, for state.

Before Justices JAMES, FITZGERALD, and LANG.

## OPINION

Opinion by Justice JAMES.

Daniel Castaneda, Jr. appeals his conviction for burglary of a habitation, enhanced by two prior felony convictions. Appellant pleaded not guilty, was tried before a jury, and was found guilty. Appellant entered pleas of true to both enhancement paragraphs, the court found both paragraphs true, and it assessed punishment at confinement for thirty years. In six issues, appellant generally contends (1) he received ineffective assistance of counsel and (2) his punishment violated the cruel and unusual punishment clause of the Eighth Amendment. We affirm the trial court's judgment.

### BACKGROUND

Appellant went with another man to the Ivy Apartments on November 29, 2001. The other man kicked in the door to Ivonne Pedroza's apartment while appellant acted as the lookout. Appellant fol-

lowed the other man into the apartment, and they took a television and video cassette recorder. Shortly thereafter, appellant approached maintenance workers in the apartment complex. Appellant had the stolen property in a cloth bag or sheet, showed it to the workers, and tried to sell it to them. While still holding the bag, appellant then approached one of the residents, had a conversation with her, and left her presence no longer carrying the bag. Edgar Huerta, one of the maintenance workers, saw this occur and suggested to the resident she take the television and video cassette recorder to the apartment office. The items were turned in to the office and returned to Ms. Pedroza.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his first, second, and third issues, appellant contends he was denied effective assistance of counsel at trial due to counsel's unfamiliarity with appellant's indictment and Texas law. More specifically, appellant complains his counsel instigated an implausible trial strategy, failed to familiarize himself with a common-law exception to rule 609(b), and failed to familiarize himself with appellant's record and the State's notices of extraneous offenses. Appellant moved for a new trial and stated the basis of his motion was that "the verdict is contrary to the law and the evidence." The court overruled appellant's motion.

■ A strong presumption exists that counsel is competent. *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002); *Weeks v. State,* 894 S.W.2d 390, 391 (Tex. App.-Dallas 1994, no pet.). The right to effective assistance of counsel does not mean the right to errorless counsel or counsel whose competency is to be judged by hindsight. *Mercado v. State,* 615 S.W.2d 225, 227 (Tex.Crim.App. [Panel Op.] 1981). To prove ineffective assistance of counsel, an appellant must show (1) counsel's representation was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Bone,* 77 S.W.3d at 833. To prove deficient performance, the appellant must show counsel's performance diverged from "prevailing professional norms." *Cardenas v. State,* 30 S.W.3d 384, 391 (Tex.Crim.App. 2000) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). To establish prejudice, the appellant must show a reasonable probability that the trial's result would have been different but for counsel's deficient performance. *Id.* A reasonable probability is a probability that sufficiently weakens confidence in the trial and its outcome. *Id.*

■ An appellant has the burden of showing ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999); *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone,* 77 S.W.3d at 833. In most cases, a silent record will not overcome the strong presumption of reasonable assistance. *Thompson,* 9 S.W.3d at 813. Where the record is silent regarding counsel's strategy or tactics, we will not speculate as to the basis for counsel's decision. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Without evidence of the strategy and methods involved concerning counsel's actions at trial, the court will presume sound trial strategy. *Thompson,* 9 S.W.3d at 813. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

Appellant bases his complaint on counsel's objection to the admission of a prior burglary of a vehicle conviction. Accord-

ing to appellant, counsel did not understand that the burglary of a vehicle conviction was admissible for impeachment, leading appellant to agree to testify under the assumption the conviction would not be admitted. Appellant argues counsel's objection to the admission of the conviction shows an implausible trial strategy, unfamiliarity with the common-law exception to rule 609(b), and unfamiliarity with appellant's record and the State's notices of extraneous offenses.

Before trial, the State notified appellant of its intent to introduce evidence of appellant's prior convictions, including the 1989 burglary of a vehicle. Before appellant testified, the following exchange took place:

> COURT: All right. Mr. Castaneda— are there also other offenses that would be used to impeach him?
>
> DEFENSE COUNSEL: Yes, sir. Mr. Castaneda understands there's two paragraphs in this indictment and he understands that he can be impeached with the delivery of a controlled substance offense and also burglary of a vehicle offense that's set out in his indictment.
>
> THE COURT: Mr. Castaneda, you understand that if you choose to testify, you can be questioned about your prior convictions and that could have an influence upon the jury? That's a chance you're gonna take?
>
> DEFENDANT: That's a chance I'm taking.
>
> THE COURT: You're fully aware of that could very likely occur?
>
> DEFENDANT: Yes, sir.

As noted above, counsel referred to the burglary of a vehicle conviction listed in appellant's indictment. After the above exchange, though, appellant's counsel objected to the admissibility of the burglary of a vehicle offense because the offense

occurred more than ten years earlier. *See* TEX.R. EVID. 609(b).

Appellant does not appeal the admission of the conviction. He recognizes the exceptions to rule 609(b), allowing for admissibility of the 1989 burglary of a vehicle conviction. *See* TEX.R. EVID. 609(b) (allowing for admission of conviction if "the court determines, in the interests of justice, that the probative value ... substantially outweighs its prejudicial effect"); *Lucas v. State,* 791 S.W.2d 35, 51 (Tex. Crim.App.1989) (noting exception of intervening felony convictions demonstrating lack of reformation). Instead, appellant argues counsel erroneously advised him on the prospective admissibility of the prior offense. He argues further that this advice also led to his decision to have a jury trial.

Contrary to appellant's argument, however, the exchange between appellant and the court clearly shows appellant was aware of the possibility the burglary of a vehicle conviction could be used to impeach him, and "that's a chance" he took. Moreover, even without the above exchange, appellant fails to meet his burden of showing ineffective assistance of counsel. Appellant argues counsel gave him erroneous advice. The record does not support appellant's allegation. Nothing in the record reveals counsel's advice to appellant regarding the admissibility of the burglary of a vehicle conviction. Such a silent record cannot overcome the strong presumption of reasonable assistance of counsel. *See Thompson,* 9 S.W.3d at 813. Furthermore, the record does not reveal counsel's strategy for making his objection, and we will not speculate as to counsel's strategy. *See Jackson,* 877 S.W.2d at 771.

Even if appellant made a showing that counsel's representation was deficient, appellant has not shown any prejudice to his defense. Appellant's only argument is

that "[n]o doubt he would have been given the minimum, twenty-five years, had he ... pleaded guilty before the court." Other than appellant's assumption, though, he has not shown any probability that sufficiently weakens our confidence in the trial or its outcome had he either not testified or not elected to have a jury trial. *See Cardenas,* 30 S.W.3d at 391.

We conclude appellant has not made a showing of deficient performance or sufficient prejudice. Other than his statements in his brief, which are not supported by the record, appellant has not shown that counsel was ineffective or that the results of the proceeding would have been different. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052; *Thompson,* 9 S.W.3d at 813. Accordingly, we resolve appellant's first, second, and third issues against him.

### CRUEL AND UNUSUAL PUNISHMENT: EIGHTH AMENDMENT VIOLATION

■ In his fourth, fifth, and sixth issues on appeal, appellant argues his punishment violates the cruel and unusual punishment clause of the Eighth Amendment. Appellant specifically claims the punishment is not proportionate to his offense because of the lack of gravity of the offense and the harshness of the punishment. He also argues the sentence is disproportionate to that of other criminals in the same and different jurisdictions. Appellant, however, has waived this complaint.

■ For error to be preserved for appeal, the record must show appellant made a timely request, objection, or motion. *See* TEX.R.APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996); *Rodriguez v. State,* 71 S.W.3d 778, 779 (Tex.App.-Texar-

kana 2002, no pet.); *see also Stewart v. LaGrand,* 526 U.S. 115, 119, 119 S.Ct. 1018, 143 L.Ed.2d 196 (1999) (concluding the defendant waived his right to complain the gas chamber was cruel and unusual where he elected that method over Arizona's default election of death by lethal injection). When his sentence was announced, appellant did not object to the sentence as violating his constitutional rights. He did not raise the argument in a post-trial motion.[1] Accordingly, he has not preserved this issue for appellate review.

■ Notwithstanding appellant's failure to preserve error, however, his argument fails. Punishment assessed within the statutory range is not unconstitutionally cruel and unusual. *Kirk v. State,* 949 S.W.2d 769, 771 (Tex.App.-Dallas 1997, pet. ref'd). Burglary of a habitation is a second-degree felony. TEX. PEN.CODE ANN. § 30.02(c)(2) (Vernon 2003). A defendant on trial for a second-degree felony who is shown to have been once before convicted of a felony, "shall be punished for a first-degree felony." TEX. PEN.CODE ANN. § 12.42(b) (Vernon 2003). Furthermore, if a defendant has twice been convicted of prior felonies, the second having been committed after the first became final, the range of punishment increases from five to ninety-nine years or life to twenty-five to ninety-nine years or life. *Id.* § 12.42(d). Appellant pleaded true to two enhancement paragraphs, setting out convictions for delivery of a controlled substance, a felony, and burglary of a vehicle, a third-degree felony at the time appellant committed that offense. The indictment stated the conviction for burglary of a vehicle was prior to the commission of the delivery of a controlled substance. Appellant's

---

1. Appellant's motion for new trial merely alleges "the verdict is contrary to the law and   the evidence."

punishment was within the statutory range.

Appellant argues that because burglary of a vehicle is now a class A misdemeanor we should consider his punishment as if not enhanced with that felony. *See* TEX. PEN.CODE ANN. § 30.04(d) (Vernon 2003). However, appellant was convicted in 1989, and at that time, burglary of a vehicle was a third-degree felony. *See* Act of May 23, 63d Leg., R.S., ch. 399, § 30.04, 1973 Tex. Gen. Laws 883, 927, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3634. When the legislature changed burglary of a vehicle to a misdemeanor, it provided that an offense committed before the effective date of that amendment—September 1, 1994—is governed by the law in effect when the offense was committed, in this case, the law stating burglary of a vehicle was a felony. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, §§ 1.01, 1.18, 1993 Tex. Gen. Laws 3586, 3634, 3705 (amended 1999). Because appellant committed the offense of burglary of a vehicle prior to September 1, 1994, his burglary of a vehicle conviction was appropriately used as a felony-enhancement for section 12.42(d) of the penal code. *See* TEX. PEN.CODE ANN. § 12.42(d) (Vernon 2003); *see also Wilson v. State*, 944 S.W.2d 444, 447–48 (Tex.App.-Houston [14th Dist.] 1997), *aff'd on other grounds*, 977 S.W.2d 379 (Tex.Crim.App. 1998); *State v. Lewis*, 918 S.W.2d 557, 559 (Tex.App.-Dallas 1996, no pet.). Accordingly, appellant's argument lacks merit.

■ Moreover, even if we did not consider appellant's prior burglary of a vehicle conviction, his argument still fails. Appellant pleaded true to the enhancement paragraph alleging he had been previously convicted of the felony offense of delivery of a controlled substance. As long as the punishment is within the range prescribed by the legislature in a valid statute, the punishment is not excessive, cruel, or un-usual. *See, e.g., Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App.1973). As stated above, a defendant on trial for a second-degree felony, such as burglary of a habitation, who is shown to have been once before convicted of a felony, is punished as for a first-degree felony. *See* TEX. PEN.CODE ANN. § 12.42(b) (Vernon 2003). Appellant had a prior felony conviction, and his thirty-year sentence falls within the range of punishment for a first-degree felony.

Appellant also argues, though, that even if punishment is within the statutory range, it may not survive under the Eighth Amendment if the punishment was grossly disproportionate to the offense. In *Jackson v. State*, the Texarkana court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether or not the punishment assessed was within the statutory range. 989 S.W.2d 842, 846 (Tex. App.-Texarkana 1999, no pet.) (applying the test set out in *Solem v. Helm*, 463 U.S. 277, 291, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). The court first made a threshold comparison of the gravity of the offense against the severity of the sentence, asking then if the sentence was grossly disproportionate to the offense. *Id.* The court stated it would compare that sentence to sentences imposed for similar crimes in that and other jurisdictions only if it found a gross disproportionality. *Id.*

Even if we were to meet the threshold comparison and determine the gravity of the offense was disproportionate to the sentence, appellant has presented nothing for comparison, specifically sentences for other persons convicted of burglary of a habitation enhanced by two prior felonies. As we stated above, when appellant committed the burglary of a vehicle offense, it was a felony. *See* Act of May 23, 63d

Leg., R.S., ch. 399, § 30.04, 1973 Tex. Gen. Laws 883, 927, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3634. The amendment to the penal code clearly states an offense committed before the amendment was effective is governed by the law in effect when the offense was committed. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. Accordingly, appellant's arguments addressing persons convicted of a misdemeanor as an enhancement are irrelevant because the arguments do not compare sentences of persons who committed the same offense—that of burglary of a habitation enhanced by two prior felonies.

Appellant did not preserve his constitutional complaint regarding the Eighth Amendment. Even if he had preserved it, though, appellant's argument fails because his punishment fell within the statutory range. Appellant does not present sufficient argument that his sentence was disproportionate to sentences received by defendants who committed the *same offense* in this or other jurisdictions. We resolve issues four, five, and six against appellant.

We affirm the trial court's judgment.