COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



YJAAN JAMAL CURTIS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-06-00278-CR


Appeal from the


195th District Court


of Dallas County, Texas


(TC# F-0573556-KN)


O P I N I O N



 This is an appeal from a conviction for the offense of aggravated assault on a public servant. 
Appellant pled guilty, and the court assessed punishment at eight years' imprisonment and a $2,000
fine. We affirm.

I. SUMMARY OF THE EVIDENCE


 Appellant pled guilty to the first-degree felony offense of aggravated assault with a deadly
weapon on a public servant. At the same hearing, he pled guilty to the offense of evading arrest or
detention. Furthermore, he pled true to two felony enhancement allegations alleged with regard to
that offense.

 The testimony at the sentencing hearing indicated that Appellant fled from a police patrol car,
resulting in a high speed chase at speeds of up to seventy miles per hour in a residential
neighborhood. The police eventually caught up with him, and they utilized a maneuver to spin his
car around. Appellant then intentionally hit one of the police cars.

II. DISCUSSION


 In his first and second issues, Appellant argues that the trial court imposed a grossly
disproportionate and inappropriate sentence, in violation of both the United States and Texas
Constitutions. See U.S. Const. amends. VIII, XIV; Tex. Const. art. 1, § 13. The State responds
that Appellant did not preserve his complaints for appellate review and, alternatively, the sentence
does not violate either the United States or Texas Constitutions.

 Appellant did not complain about the sentence, either at the time it was imposed or in his
motion for new trial. See Tex. R. App. P. 33.1(a)(1); Castaneda v. State, 135 S.W.3d 719, 723 (Tex.
App.--Dallas 2003, no pet.). Even constitutional rights, including the right to be free from cruel
and/or unusual punishments, may be waived. Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); Castaneda, 135 S.W.3d at 723. Because Appellant has not preserved his complaints,
we resolve his first and second issues against him.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice

June 14, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)