Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



WAYLAND CHARLES LEWIS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-06-00160-CR


Appeal from the


203rd District Court


of Dallas County, Texas


(TC# F-0551691-IP)


O P I N I O N



 This is an appeal from a conviction for the offense of possession of cocaine in an amount of
one gram or more, but less than four grams, enhanced by allegations of two prior felony convictions. 
Appellant pled guilty, and the court assessed punishment at twenty-five years' imprisonment. We
affirm.

I. SUMMARY OF THE EVIDENCE


 At the guilty plea hearing, Appellant pled guilty to the above-mentioned offense and to two
other indictments, one of which alleged that he possessed cocaine in an amount of less than one
gram, and one which alleged that he possessed cocaine in an amount of one gram or more, but less
than four grams. Each of the three indictments contained two enhancement paragraphs. In an open
plea, Appellant pled guilty to each charge and true to the enhancement paragraphs. The court found
Appellant guilty of each offense and found the allegations in the enhancement paragraphs to be true. 
The court sentenced Appellant to twenty-five years' imprisonment in the instant offense, and to
twenty-five years' imprisonment for the other offense of possession of one gram or more, but less
than four grams. The court assessed ten years' imprisonment for the offense of possessing less than
one gram of cocaine. The court ordered the sentences to run concurrently. After pronouncing the
sentences, the court inquired whether there was any legal reason why Appellant should not be
sentenced, and defense counsel replied that there was no such reason.

II. DISCUSSION


 In his first and second issues, Appellant argues that the trial court imposed a grossly
disproportionate and inappropriate sentence in violation of both the United States and Texas
Constitutions. See U.S. Const. amends. VIII, XIV; Tex. Const. art. 1, § 13. The State responds
that Appellant did not preserve his complaints for appellate review and, alternatively, that the
sentence does not violate either the United States or Texas Constitutions.

 Appellant did not complain about the sentence, either at the time it was imposed or in his
motion for new trial. See Tex. R. App. P. 33.1(a)(1); Castaneda v. State, 135 S.W.3d 719, 723 (Tex.
App.--Dallas 2003, no pet.). Even constitutional rights, including the right to be free from cruel
and/or unusual punishments, may be waived. Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); Castaneda, 135 S.W.3d at 723. Because Appellant has not preserved his complaints,
we resolve his first and second issues against him.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice

June 14, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)