COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIS FABIAN GARCIA, | | No. 08-09-00195-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 283rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0952073-T) |
| | § | |

## O P I N I O N

Luis Fabian Garcia appeals his conviction of aggravated robbery of an elderly person. Appellant entered an open plea of guilty and the trial court assessed punishment at imprisonment for ten years. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

While on deferred adjudication community supervision for theft of an air conditioner from a church,[1] Appellant robbed an elderly woman at a grocery store by grabbing her purse and dragging her to the floor. The store's security cameras captured the robbery and the video was admitted into evidence. Appellant committed the robbery because he needed money to buy drugs. Appellant entered an open plea of guilty and the trial court assessed punishment at imprisonment for ten years.

## PUNISHMENT

In his sole issue for review, Appellant contends that the trial court abused its discretion by sentencing him to a ten year term of imprisonment because the punishment violates the objectives

---

[1] We affirmed the trial court's decision to adjudicate guilt in that case. *Luis Fabian Garcia v. State*, No. 08-09-00194-CR (Tex.App.--El Paso Aug. 18, 2010).

of the prohibitions, penalties, and correctional measures in the Texas Penal Code. More specifically, he complains that the record contains no evidence that Appellant could not be successfully rehabilitated with a "milder" punishment. The State responds, in part, that Appellant failed to preserve the alleged error because he did not raise any complaint in the trial court. We agree.

In order to preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(1). Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by failure to object. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.--Dallas 2003, no pet.). Accordingly, we hold that Appellant was obligated to preserve the issue raised on appeal. When the trial court announced the prison sentence and asked whether there was any reason why sentence should not be imposed, counsel replied, "No, Your Honor." While Appellant filed a motion for new trial, he alleged only that the verdict was contrary to the law and the evidence. This general statement is insufficient to preserve the specific argument raised on appeal. *See Castaneda*, 135 S.W.3d at 723 n.1 (Appellant's argument that his punishment was disproportionate was not preserved by his motion for new trial which merely alleged that "the verdict is contrary to the law and the evidence.").

Appellant argues that he was not required to object because an objection "would have served no useful purpose" as the only issue before the trial court was the appropriate punishment and counsel had argued Appellant should receive treatment for his drug addiction. The useful purpose which would have been served by stating an objection at sentencing or by raising the issue in a motion for new trial is that the trial court would have been made aware of Appellant's specific argument that a prison sentence violated the objectives of the Texas Penal Code at a time when the trial court could have ruled on the issue. Because Appellant failed to preserve the issue raised on

appeal, we overrule the sole issue and affirm the judgment of the trial court.


August 18, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)