COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





LUIS FABIAN GARCIA,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00195-CR

Appeal from
 283rd District Court

of Dallas County, Texas

(TC # F-0952073-T)



 

 

 




O P I N I O N

            Luis Fabian Garcia appeals his conviction of aggravated robbery of an elderly person. 
Appellant entered an open plea of guilty and the trial court assessed punishment at imprisonment for
ten years. For the reasons that follow, we affirm.
FACTUAL SUMMARY
            While on deferred adjudication community supervision for theft of an air conditioner from
a church,


 Appellant robbed an elderly woman at a grocery store by grabbing her purse and dragging
her to the floor. The store’s security cameras captured the robbery and the video was admitted into
evidence. Appellant committed the robbery because he needed money to buy drugs. Appellant
entered an open plea of guilty and the trial court assessed punishment at imprisonment for ten years. 
                                                                PUNISHMENT
            In his sole issue for review, Appellant contends that the trial court abused its discretion by
sentencing him to a ten year term of imprisonment because the punishment violates the objectives
of the prohibitions, penalties, and correctional measures in the Texas Penal Code. More specifically,
he complains that the record contains no evidence that Appellant could not be successfully
rehabilitated with a “milder” punishment. The State responds, in part, that Appellant failed to
preserve the alleged error because he did not raise any complaint in the trial court. We agree.
            In order to preserve error for appellate review, the record must show appellant made a timely
request, objection, or motion. See Tex.R.App.P. 33.1(a)(1). Even constitutional rights, including
the right to be free from cruel and unusual punishment, may be waived by failure to object. Rhoades
v. State, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); Castaneda v. State, 135 S.W.3d 719, 723
(Tex.App.--Dallas 2003, no pet.). Accordingly, we hold that Appellant was obligated to preserve
the issue raised on appeal. When the trial court announced the prison sentence and asked whether
there was any reason why sentence should not be imposed, counsel replied, “No, Your Honor.” 
While Appellant filed a motion for new trial, he alleged only that the verdict was contrary to the law
and the evidence. This general statement is insufficient to preserve the specific argument raised on
appeal. See Castaneda, 135 S.W.3d at 723 n.1 (Appellant’s argument that his punishment was
disproportionate was not preserved by his motion for new trial which merely alleged that “the verdict
is contrary to the law and the evidence.”).
            Appellant argues that he was not required to object because an objection “would have served
no useful purpose” as the only issue before the trial court was the appropriate punishment and
counsel had argued Appellant should receive treatment for his drug addiction. The useful purpose
which would have been served by stating an objection at sentencing or by raising the issue in a
motion for new trial is that the trial court would have been made aware of Appellant’s specific
argument that a prison sentence violated the objectives of the Texas Penal Code at a time when the
trial court could have ruled on the issue. Because Appellant failed to preserve the issue raised on
appeal, we overrule the sole issue and affirm the judgment of the trial court.

August 18, 2010                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)