**AFFIRM; Opinion issued September 27, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00409-CR

## CHARLES JACKSON, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-50808-S**

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

Charles Jackson waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The trial court assessed punishment at twenty years' imprisonment. In two points of error, Jackson contends the trial court erred by failing to review the presentence investigation report (PSI) and by not allowing him or his attorney an opportunity to object to the PSI. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Jackson argues there is nothing in the record to show the trial court reviewed the PSI in reaching its sentencing determination. Jackson contends the "mitigating evidence" in the PSI was "compelling and would undoubtedly have affected the sentence imposed." Jackson also contends that the trial court did not afford him an opportunity to object to information in the PSI. The State responds the trial court was authorized to assess punishment as it did, and any error with respect to the PSI was waived.

Jackson did not complain about the trial court not reviewing the PSI or his lack of opportunity to object to the PSI in his original motion for new trial or his amended motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). In his original motion for new trial, Jackson complained the "verdict" was "contrary to the law and evidence." In his amended motion for new trial, Jackson requested the trial court unseal certain juvenile records relating to prior testimony of the complainant that could have a bearing on sentencing. Thus, Jackson has not preserved his complaints for our review.

Moreover, nothing in the record shows the trial court did not review the PSI. The record does show Jackson's attorney referenced the PSI during his direct examination of Jackson at the punishment hearing, and questioned Jackson about gang affiliation and drug use, which were subjects addressed in the PSI.

The record does not support Jackson's complaints. We overrule Jackson's points of error. We affirm the trial court's judgment.

_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120409F.U05

-2-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES JACKSON, Appellant

No. 05-12-00409-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F10-50808-S).
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 27, 2012.

_____

ROBERT M. FILLMORE
JUSTICE