AFFIRM; Opinion Filed January 16, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05–11–00353-CR
No. 05–11–00354-CR
No. 05–11–00355-CR
No. 05–11–00356-CR
No. 05–11–00357-CR

## CORTNIE WAYNE ESTELLE, Appellant

V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-60399-N

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

A jury convicted Cortnie Wayne Estelle of one count of evading arrest and detention and four counts of aggravated robbery. The jury then sentenced Estelle to five years imprisonment for the evading arrest conviction and life imprisonment for the four aggravated robbery convictions. In four issues, Estelle asserts: (1) the trial court abused its discretion by overruling his motion to suppress evidence; (2) the prosecutor engaged in harmful jury argument during the punishment phase of the trial; (3) the trial court abused its discretion by denying defense counsel's request to poll the jurors; and (4) the order of the verdict forms at the punishment phase of the trial constituted an

impermissible comment on the weight of the evidence.

The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Estelle committed several aggravated robberies. One of his victims recorded Estelle's license plate number and provided it to the Dallas Police Department. The police used the license plate number to find Estelle's residence and set up a surveillance. During the surveillance, the police saw Estelle exit his residence and enter the vehicle with the license plate number provided by the victim. Following a brief car chase and foot pursuit, the police arrested Estelle.

The police then sought and obtained a warrant to search Estelle's residence and retrieve stolen property. When the police executed the warrant, they found and seized some property that Estelle stole from his victims, including two purses, one computer bag, and one American Express gift card.

At the beginning of the punishment hearing, Estelle pleaded true to two enhancement paragraphs. The jury then heard evidence about Estelle's prior convictions. The jury learned that in 1988 Estelle pleaded guilty to aggravated sexual assault, he used or exhibited a firearm during this offense, and he was sentenced to twenty years in prison; he pleaded guilty to two charges of aggravated robbery, he used or exhibited a firearm during these offenses, and he was sentenced to twenty years in prison; and he pleaded guilty to sexual assault and was sentenced to twenty years in prison. The jury also heard testimony that at the time Estelle committed the offenses subject to this appeal, he was on bond for a charge of unlawful possession of a firearm by a felon. After the punishment hearing, the jury assessed a life sentence for each aggravated robbery conviction.

In his first issue, Estelle asserts the trial court erred by denying his motion to suppress.

–2–

Estelle's brief states the "warrant failed to allege sufficient underlying facts to support the seizure of items not specifically listed in the warrant," namely the purses, computer bag, and gift card. However, before the trial court, Estelle argued the search "was not conducted pursuant to a lawful search warrant" and the affidavit supporting the warrant did not establish probable cause because "it fail[ed] to allege sufficient underlying facts to demonstrate that there was a fair probability that contraband or evidence would be found at the location to be searched." Because the argument Estelle makes on appeal was not presented to the trial court, any error has not been preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). We resolve Estelle's first issue against him.

In his second issue, Estelle argues the prosecutor improperly injected facts outside the record into his closing argument, thereby injuring Estelle's defense and adversely influencing the jury's verdict. During his closing argument to the jury at the punishment phase, the prosecutor said:

> The role of the district attorney in this process that we have is to do our very best to represent the people of Texas. Our job every day is to try to come in and to try and suppress and prevent crime from happening and certainly if it has happened before that it won't happen anymore. And it occurs to me, now that you-all know, that we dropped the ball 22 years ago, when we first met Cortnie Estelle. Because . . . there was a prosecutor a lot like me that thought 20 years was enough for this man; that he went down for raping two women—

Estelle's counsel interrupted the prosecutor and objected on the ground that the prosecutor was arguing outside the record "as to what some prosecutor thought 20 years ago." The trial court overruled the objection. The prosecutor then continued his argument:

> The prosecutor agreed to plea-bargain this defendant to 20 years even after using a gun to rob other people. Had we known what we know now; that he would get out and we know how he would have created more and more victims, perhaps we wouldn't have made that mistake.

Assuming without deciding that the prosecutor's comments were improper, they do not

constitute harmful error warranting reversal. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). When determining whether an error warrants reversal, we look at three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *See id.*; *see also Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc) (applying *Mosley* factors to punishment proceedings in non-capital case).

With respect to the first factor, by the time the prosecutor mentioned Estelle's prior convictions for rape and his 20-year sentence, the jury had heard Estelle plead true to the two enhancement paragraphs as well as testimony about Estelle's prior offenses. While the prosecutor's statements about what the former prosecutor thought and how that prosecutor might have acted had he been able to foretell the future were unsupported, the prosecutor's comments did not inject any new facts into the record and were not greatly prejudicial to Estelle. As for the second factor, no curative action was taken. Finally, the certainty of the conviction absent the prosecutor's improper argument is not speculative; the evidence supporting Estelle's punishment is strong. During the guilt/innocence phase of the trial, five witnesses testified about how Estelle approached them, and either robbed them or attempted to rob them at gun point. During the punishment hearing, another man also testified about Estelle attempting to rob him at gunpoint. The jury heard testimony that Estelle threatened to shoot three of these victims and did shoot at another victim. Under these circumstances, the prosecutor's comments did not affect Estelle's substantial rights, and did not constitute harmful error warranting reversal. *See Mosley*, 983 S.W.2d at 259. We overrule Estelle's second issue.

In his third issue, Estelle claims the trial court erred by denying his request to poll the jury

about a newspaper article. During the punishment phase of the trial, the Dallas Morning News published an article titled "Sex Offender Convicted in String of Robberies." Estelle's counsel brought the article to the trial judge's attention and requested the trial judge ask the jury "if any of the jurors read the article and, if so, if it affected them in any way." The trial judge denied the request and replied:

> The Court has instructed the jury already that during your deliberations in this case you must not consider, discuss or relate any matters [sic] in evidence before you. You should not consider, discuss or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with the case which has not been shown by the evidence nor shall you, in deciding your verdict, discuss the punishment; et cetera, et cetera.
> The Court will similarly instruct the jury, and the Court deems that to be sufficient enough. And the Court is not going to go on a wild goose chase asking the jury whether they read a dictionary or newspaper or read anything on the internet or anything else.

The trial court admitted the article for record purposes.

We review the trial judge's decision not to poll the jury about media coverage for an abuse of discretion. *See Mays v. State*, 318 S.W.3d 368, 377 (Tex. Crim. App. 2010). When he made the request, Estelle's counsel did not discuss the contents of the article with the trial judge and did not characterize it as prejudicial to his client. He did not summarize the story or provide any information concerning it. Even on appeal, Estelle's only complaints about the article are that it mentioned Estelle's prior conviction for rape[1] and the article inaccurately reported Estelle's age.[2] Estelle does not describe the article as prejudicial and does not explain how either of these points, the fact Estelle had a prior rape conviction and an incorrect report about his age, could have prejudiced Estelle even

---

[1] The article stated: "Estelle was convicted in 1988 of sexually assaulting a 20-year old woman, according to court records. He was sentenced to 20 years in prison."

[2] The article reported Estelle was thirty years old when he was forty-one years old.

if the jurors had read the article.

Though a jury's exposure to media coverage holds the potential to compromise a fair trial, a presumption of prejudice does not arise solely as a result of media coverage. *See Powell v. State*, 898 S.W.2d 821, 826 (Tex. Crim. App. 1994). The trial judge considered Estelle's counsel's request, but indicated that other measures would protect against the jury's consideration of any such exposure to media coverage. As the trial judge noted, the five jury charges included the following admonition:

> During your deliberations in this case, you must not consider, discuss, or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

Absent evidence indicating otherwise, we presume the jurors followed the trial court's instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) ("And we generally presume that a jury will follow the judge's instructions."). There is no evidence the jury in this case did not follow the trial court's instructions. Given the lack of any evidence relating to any prejudicial information in the news story, the trial court's specific admonishments to the jury not to consider matters not in evidence in reaching its verdicts, and the legal presumption that the jury followed the trial court's instructions, we cannot conclude the trial court abused its discretion by denying Estelle's request to poll the jury. *See Mays*, 318 S.W.3d at 377–79. *See also Powell*, 898 S.W.2d at 828 (trial court correctly decided not to poll jury concerning article). We overrule Estelle's third issue.

Finally, Estelle argues the order and manner of the verdict forms attached to the punishment charges constituted an impermissible comment on the weight of the evidence. For each aggravated robbery conviction, the court's punishment charge instructed the jurors that they were to "assess the punishment of the defendant at confinement in the Institutional Division of the Texas Department

of Criminal Justice for Life or a term of not more than 99 years or not less than 15 years and a fine not to exceed $10,000." The charge also included two verdict forms. The first verdict form stated:

> We, the jury, having found the defendant guilty of aggravated robbery, as charged in the indictment, further find beyond a reasonable doubt that Enhancement Paragraph One is true and assess defendant's punishment for Life in the Institutional Division of the Texas Department of Criminal Justice.
>
> We assess his fine at $ _____. (Note: Here enter an amount not to exceed $10,000 or write the word "none.")

The second verdict form, located on the next page of the court's charge, stated:

> We, the jury, having found the defendant guilty of aggravated robbery, as charged in the indictment, further find beyond a reasonable doubt that Enhancement Paragraph One is true and assess defendant's punishment at imprisonment for _____ years in the Institutional Division of the Texas Department of Criminal Justice (Note: Enter any term of years not more than 99 years or less than 15 years.)
>
> We assess his fine at $ _____. (Note: Here enter an amount not to exceed $10,000 or write the word "none.")

The end of each verdict form included lines for the presiding juror to sign and print her name on whichever form the jury opted to complete. In each instance, the jury executed the first form (assessing a life term) and wrote "none" as the amount of the fine.[3] The jury left the second form blank in each case.

On appeal, Estelle complains that by placing the verdict form with life imprisonment first, the trial court commented on the weight of the evidence and conveyed its opinion about the appropriate sentence. However, the record is clear the trial court instructed the jury that it must decide whether to sentence Estelle to a term between fifteen and ninety-nine years or life in prison

---

[3] When charging the jury, the trial judge stated:

And you will be authorized to assess punishment at imprisonment for life. You may also assess an additional fine of not to exceed $10,000.

If you do not wish to assess punishment at life, you also have the option to set punishment for a term of years not more than 99 years or less than 15 years. Again, a fine of $10,000 may be assessed in addition to the time imposed.

(in addition to an optional fine). Absent evidence indicating that the jurors failed to do so, we presume the jurors followed the trial court's instructions. *See Gamboa*, 296 S.W.3d at 580. There is no indication in the record that the jurors ignored the trial court's instruction and did not consider the full range of punishment. We overrule Estelle's fourth issue.

Having resolved Estelle's four issues, we affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110353F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CORTNIE WAYNE ESTELLE, Appellant

No. 05-11-00353-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F09-60399-N).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 16, 2013.

JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORTNIE WAYNE ESTELLE, Appellant

No. 05-11-00354-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F09-60408-N).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

         Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered January 16, 2013.

_____
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORTNIE WAYNE ESTELLE, Appellant

No. 05-11-00355-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F09-60498-N).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 16, 2013.

JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORTNIE WAYNE ESTELLE, Appellant

No. 05-11-00356-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F09-73057-N).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 16, 2013.

_____
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORTNIE WAYNE ESTELLE, Appellant

No. 05-11-00357-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F09-73058-N).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 16, 2013.

_____
JIM MOSELEY
JUSTICE