**AFFIRM; Opinion Filed June 4, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00413-CR**

_____

**DOMINIC DWAYNE SIMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-52320-N**

## MEMORANDUM OPINION

Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Moseley

A jury convicted Dominic Dwayne Sims of one count of aggravated sexual assault and assessed punishment, enhanced by one prior conviction, of 60 years' confinement. In three issues, Sims argues the evidence was insufficient to support the conviction and his sentence is unconstitutional. The background and facts of the case are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

When reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011). We defer to the jury's credibility and weight determinations because the jury is the sole

judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

At trial, the complaining witness testified she was a prostitute. On the night in question, she got into Sims's car and agreed to have sex with him for $20. Sims paid her $10. They then used drugs to get high together before Sims instructed her to remove her clothing. She refused to take off her clothing until Sims paid her another $10, which Sims refused to do until after she had sex with him. When she attempted to get out of the car, Sims started beating her all over her body using his hands. When questioned by the State, she testified:

> Q. During the time that he was hitting you, did anything else happen? Did he do anything else besides hit you?
> A. After he beat me up, then he told me to pull them clothes off.
> Q. So he was hitting you the [sic] multiple times and then he stops and tells you to take your clothes off again?
> A. Right.
> Q. And then what happens?
> A. Then he raped me.
> Q. ...what part of his body went inside your body?
> A. His penis.

The doctor who examined the complaining witness at Parkland Hospital testified that her "face was completely swollen. She had a bloody nose, a swollen lip and a laceration on her lip, looking very uncomfortable." The complaining witness also suffered a broken jaw.

We conclude the evidence presented to the jury, viewed in the light most favorable to the verdict, would allow a rational trier of fact to find beyond a reasonable doubt that the State proved the elements of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021 (aggravated sexual assault); *Jackson*, 443 U.S. at 319; *Lucio*, 351 S.W.3d at 894-95. We overrule Sims's first issue.

In his second and third issues, Sims contends his sentence violates his constitutional rights under the United States and Texas constitutions because it is grossly disproportionate to the crime committed and inappropriate to the offender. *See* U.S. CONST. AMEND. VII; TEX.

–2–

CONST. Art. I, § 13.  Because Sims did not complain about his sentence either at the time it was imposed or in a motion for new trial, he has not preserved these issues for our review.  *See* TEX. R. APP. P. 33.1(a); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

    We affirm the trial court's judgment.


/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120413F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMINIC DWAYNE SIMS, Appellant

No. 05-12-00413-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-52320-N.
Opinion delivered by Justice Moseley.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of June, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE

–4–