**Affirmed and Memorandum Opinion filed December 17, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00478-CR

---

**TERRENCE DARCEL JARMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1338425**

---

## M E M O R A N D U M   O P I N I O N

Terrence Darcel Jarman entered a plea of guilty to robbery and a plea of true to an enhancement paragraph. The trial court sentenced him to confinement for 30 years in the Institutional Division of the Texas Department of Criminal Justice. Jarman filed a notice of appeal. We affirm.

In a single issue, appellant claims the trial court erred by assessing a punishment that is grossly disproportionate to the crime committed. To preserve

for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App.1996) (defendant waived any error because he presented his argument for first time on appeal); *Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App. -- Houston [ 14th Dist.] 2005, pet. ref'd) (defendant did not raise complaints that his sentences violated his state and federal rights against cruel and unusual punishment in the trial court, and thus failed to preserve them for appellate review).

None of the arguments presented on appeal were raised when appellant was sentenced or in a post-verdict motion filed with the trial court. *See Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App. -- Dallas 2003, no pet.) (because appellant failed to object to the sentence as violating his constitutional rights the issue was not preserved for appellate review.) Accordingly, nothing is preserved for our review. *Id.*

Further, even if the issue were not waived, appellant's sentence was within the statutory range of punishment. Appellant was convicted of a second degree felony enhanced by a prior felony conviction for aggravated robbery and was therefore subject to being punished for a felony of the first degree. Tex. Pen. Code. § 12.42.(b) (West. Supp. 2012). Appellant's sentence of 30 years is within the range of five to 99 years for a first degree felony. Tex. Pen. Code. § 12.32(a) (West 2011). See Ex parte Chavez, 213 S.W. 3d 320, 323-24 (Tex. Crim. app. 2006)( punishment within statutory limits is generally "unassailable on appeal"). Based on an objective comparison of the gravity of appellant's offense against the severity of his sentence, we cannot infer gross disproportionality. Although

appellant did not use a weapon in this robbery, he choked and beat the complainant and put him in fear of his life. Accordingly, appellant has shown no Eight Amendment violation. See Baldridge v State, 77 S.W. 3d 890, 893 (Tex. App.-- Houston [14th Dist.] 2002, pet. ref'd)

Appellant's issue is overruled and the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Christopher, Donovan, and Brown.

Do not publish - TEX. R. APP. P. 47.2(b).