**AFFIRM; and Opinion Filed March 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00867-CR

### PATRICK EUGENE DANIELS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-52489-S**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

Patrick Eugene Daniels waived a jury, pleaded guilty to burglary of a habitation, and pleaded true to one enhancement paragraph. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). The trial court assessed punishment at twenty-five years' imprisonment. In a single issue, Daniels contends the trial court abused its discretion by sentencing him to imprisonment without considering other available methods of punishment. We affirm the trial court's judgment.

Daniels argues the trial court abused its discretion by failing to consider other available, and more appropriate, methods of punishment. Daniels asserts he committed the burglary

offense because he was under the influence of drugs, the trial court failed to consider community supervision for him, and the evidence he presented shows he could have been successful on probation if provided drug treatment. The State responds that Daniels failed to preserve this issue for appellate review and, alternatively, the record does not show the trial court failed to consider other forms of punishment.

Daniels did not complain about the trial court's alleged failure to consider all forms of punishment at the time the sentence was imposed or in his motion for new trial.[1] *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, Daniels has not preserved this complaint for review.

Nevertheless, we have reviewed the record and conclude it does not support Daniels's claims. During the punishment hearing, the trial court heard testimony from Davunta Pace regarding the circumstances of the burglary. The trial court also heard Daniels's testimony regarding his lack of memory of the burglary offense and his use of marijuana and PCP on the day of the offense. Daniels also explained his family situation and educational background, and said he had worked as a forklift operator. Finally, Daniels testified about his two previous probations that were revoked. Daniels asked for probation with drug treatment after testifying that he had never sought help for his drug addiction because he was "in denial." The trial judge stated he had reviewed the presentence investigation report for Daniels. The trial judge also allowed defense counsel to make an "offer of proof" that Daniels's wife, if present, would testify

---

[1] On June 7, 2013, Daniels filed a general motion for new trial. On June 12, 2013, Daniels filed an amended motion for new trial alleging violations of his constitutional rights and ineffective assistance of trial counsel. The trial judge signed the order at the bottom of the June 7, 2013 motion for new trial, but did not date his signature. We will assume the amended motion for new trial was filed before the judge signed the order denying the motion for new trial. *See* TEX. R. APP. P. 21.4(a), (b) (defendant must file motion no later than thirty days after date when trial court imposes or suspends sentence in open court…motion may be amended without leave any time within the thirty-day limit so long as the trial court has not already ruled on the motion). Daniels's amended motion for new trial made no express argument the trial court failed to consider all forms of punishment.

that he was a very loving, hardworking husband, and that he "acts crazy and does crazy things" when he is under the influence of PCP. The statement also asked for probation for Daniels.

The fact that the trial court ultimately did not place Daniels on community supervision does not indicate the trial court did not consider the full range of punishment options. Nothing in the record supports Daniels's complaint. We overrule his sole issue.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130867F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK EUGENE DANIELS,
Appellant

No. 05-13-00867-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-52489-S).
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered March 26, 2014.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

-4-