**AFFIRMED; Opinion Filed July 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00172-CR

## MICHAEL DAVID ORY, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82845-2011**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Lang

A jury convicted Michael David Ory of aggravated assault of a public servant and assessed punishment at forty-eight years' confinement and a $7500 fine. In two issues, Ory asserts the evidence is legally insufficient to support the conviction and the sentence is grossly disproportionate to the offense. We affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2011, Ory assaulted his girlfriend, Deanne, and her eighteen-year old son, Haden, at their home. Ory then took a butcher knife and began stabbing himself in the neck. Haden was able to leave the house, and Deanne locked herself in the study. Responding to Haden and Deanne's 9-1-1 calls, Plano Police Sergeant Dominic Saleh arrived at the house to find all the exterior doors locked. Saleh announced his presence and knocked first on the front

door and, when no one answered, knocked on the garage door. Moments later, Deanne opened the front door. Saleh escorted her away from the house and returned to the front door, which had been left open. Saleh called to Ory to come out of the house. Ory "peered out" from a hallway and began running toward Saleh, wielding the butcher knife in his right hand and a "smaller" knife in his left hand. Saleh and a second officer fired their weapons at Ory, and Ory fell to the ground. He was taken to the hospital where he was treated for stab wounds to the neck and chest and a gunshot wound to the pelvis. He was subsequently charged with the aggravated assault of Saleh.[1]

At trial, Deanne testified she and her three sons lived with Ory, whom she had known for about eight years. She saw Ory running toward Saleh and believed Ory was intending to threaten Saleh. However, she also felt Ory "was hoping to get shot." Deane testified Ory had suffered a head injury in a motorcycle accident in 2010 and had attempted to commit suicide on more than one occasion. She also testified Ory had taken medication prior to committing the assaults.

Saleh testified Ory was bleeding from his neck down and "looked very angry" as he peered out of the hallway. Saleh felt threatened by Ory and thought Ory was going to kill him. When he fired at Ory, Ory was five to six feet away from him.

Saleh's testimony was corroborated in large part by two other responding officers, Jed Cloud and Joel Scott, both of whom also testified that they walked through the house following the assault and observed "a lot of blood" throughout the house.

---

[1] Ory was also charged with deadly conduct for placing the second officer "in imminent danger of serious bodily injury" and with assaulting Deanne and Haden. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(2)(B), 22.05(a) (West 2011 & Supp. 2013). These cases were tried together with the instant case, and the jury returned guilty verdicts in each of these other cases, too. Ory appealed from these other convictions, but moved to dismiss the appeals prior to submission. *See Ory v.State*, Nos. 05-13-00173-CR, 05-13-00174-CR, 05-13-00175-CR, 2013 WL 4520211 (Tex. App.—Dallas Aug. 26, 2013, no pet.) (per curiam) (mem. op., not designated for publication).

Ory did not testify or call any witnesses, but his counsel argued in closing that when Ory ran toward Saleh, he was attempting to get shot and killed after his own suicide attempt had failed. Additional evidence of Ory's mental health was admitted during the punishment phase of trial, including evidence that he had been diagnosed with bipolar disorder, had first attempted to commit suicide when he was fifteen, had received electroshock treatment in 2010, and did not always take his medication. Also admitted was evidence that he had never been convicted of any crimes.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, Ory assails the sufficiency of the evidence to support his conviction. Specifically, he asserts the evidence supports an intent to "put himself in imminent danger in hopes that the officers would shoot and kill him," not an intent to threaten Saleh.

### A. Standard of Review

The legal sufficiency standard of review is well known. In evaluating the sufficiency of the evidence to support a conviction, a reviewing court considers all the evidence and inferences from that evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Because the fact finder is the sole judge of the witnesses' credibility and the weight to be given the evidence, the reviewing court defers to the trier of fact's resolution of any conflicts in testimony, weight of the evidence, and inferences drawn. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## B. Applicable Law

Aggravated assault of a public servant is a conduct oriented offense which has no required result. *Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008); *Dolkart v. State*, 197 S.W.3d 887, 893 (Tex. App.-–Dallas 2006, pet. ref'd); *Hall v. State*, 145 S.W.3d 754, 758 (Tex. App.-–Texarkana 2004, no pet.). To establish Ory committed aggravated assault as charged in the indictment, the State had to prove beyond a reasonable doubt that Ory (1) intentionally or knowingly threatened Saleh with imminent bodily injury, (2) used or exhibited a deadly weapon, a knife, during the commission of the assault, and (3) knew Saleh was a public servant lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B) (West 2011 & Supp. 2013); *Hooper*, 214 S.W.3d at 13. To prove the culpable mental state of intentionally or knowingly, the State had to show either (1) it was Ory's "conscious objective or desire to engage in the conduct" or (2) he was aware of the nature of, or circumstances surrounding, his conduct. *See* TEX. PENAL CODE ANN. § 6.03(a), (b) (West 2011.) The jury could infer intent or knowledge from Ory's acts, words, and conduct. *See Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999)).

## C. Application of Law to Facts

In arguing his actions reflected he was attempting to commit "suicide by cop" and not to threaten Saleh, Ory relies on the evidence that he had suffered a head injury, had taken medication prior to the assaults, and had self-inflicted wounds to his neck and chest. We agree this is some evidence from which the jury could have inferred Ory was attempting to commit "suicide by cop." This inference, however, focuses on the result of Ory's actions instead of the nature of his conduct. *See Landrian*, 268 S.W.3d at 540; *Dolkart*, 197 S.W.3d at 893; *Hall*, 145 S.W.3d at 758. Moreover, such an inference does not exclude an inference that Ory also

–4–

intentionally or knowingly threatened Saleh with imminent bodily injury. In fact, to achieve his own death by having Saleh shoot him while he exhibited the knives, Ory had to demonstrate a credible threat to Saleh. Without a credible threat, Saleh would not be justified in using deadly force. In other words, Ory's intent to commit "suicide by cop" required him to intentionally and knowingly threaten Saleh. *See Godsey v. State*, 719 S.W.2d 578, 582-83 (Tex. Crim. App. 1986) (inference to be drawn from evidence appellant had talked about committing suicide, deliberately pulled out gun after seeing armed officers with their guns pointed at him, ignored officers' orders to drop gun, and pointed gun at two officers, all of which supported intent to kill officer, is that appellant decided to shoot officers so they would then shoot him); *Robbins v. State*, 145 S.W.3d 306, 312-13 (Tex. App.-–El Paso 2004, pet. ref'd) (same). By returning a verdict of guilty, the jury necessarily found Ory either intended to pose a credible threat to Saleh when he ran towards Saleh wielding two knives or knowingly engaged in the threatening behavior. We will not disturb that finding. *See Brooks*, 323 S.W.3d at 899; *Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the conviction. We decide Ory's first issue against him.

### III. DISPROPORTIONATE SENTENCE

Ory claims in his second issue that the forty-eight year sentence the jury assessed "is grossly disproportionate for a first-time offender with mental health disorders." Ory, however, did not object to the sentence when it was announced and did not raise the argument in a post-trial motion. Without either an objection or a complaint in a post-trial motion, error is not preserved. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.-–Dallas 2003, no pet.). Accordingly, Ory's second issue is also decided against him.

## IV. CONCLUSION

Having decided both issues against Ory, we affirm the trial court's judgment.


                /Douglas S. Lang/
                DOUGLAS S. LANG
                JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130172F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DAVID ORY, Appellant

No. 05-13-00172-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82845-2011.
Opinion delivered by Justice Lang.   Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 10th day of July, 2014.