**Affirm as Modified and Opinion Filed July 24, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-12-01260-CR

---

**DONAVAN DEWAYNE WADE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-58212-T**

---

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

Donavan Dewayne Wade appeals from the revocation of his community supervision. In a single issue, appellant contends the trial court violated his right to due process by prejudging his punishment. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to possession of cocaine in an amount less than one gram. Appellant also pleaded true to two enhancement paragraphs. The trial court found appellant guilty and the enhancement paragraphs true. The court assessed appellant's punishment at imprisonment for ten years, probated for five years. The trial court ordered that

appellant be released "only to the intermediate sanction facility substance abuse track," and then to the "intensive out-patient program." The trial judge stated:

> This is your last chance because of the conviction you had in 2002 there is absolutely no other place that I can send you for treatment. Period. So if you are not successful in this program with the after-care, my only options at that point are to send you to the penitentiary.

The State later moved to revoke appellant's community supervision, alleging appellant violated the conditions of his community supervision by testing positive for phencyclidine on three occasions, failing to pay probation fees, and being unsuccessfully discharged from the intensive outpatient program. Appellant pleaded true to the allegations in a hearing on the motion. After appellant testified, and before closing arguments, the trial judge reminded appellant about his previous statement that due to a 2002 conviction, there was no other place appellant could be sent for treatment and the court's only option would be to send appellant to prison if he was not successful with the aftercare. Appellant said he remembered the warning. The trial court granted the State's motion, revoked appellant's community supervision, and sentenced appellant to imprisonment for four years.

Appellant contends the trial court violated his due process rights when it prejudged his punishment. Appellant complains the trial judge determined the sentence at the time of the original plea and sentencing and not at the time of appellant's revocation hearing. Appellant asserts the trial judge refused to consider mitigating evidence as to punishment and treatment, as evidenced by the judge's statements reminding appellant of the promise to send him to prison. The State responds appellant did not preserve this issue for appellate review and, alternatively, the trial judge's comments are too ambiguous to allow this Court to resolve the prejudgment issue.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved this issue for appellate review.

Moreover, the trial court reduced appellant's original prison sentence from ten years to four years, which was on the low end of the sentencing range. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2012); TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Rather than indicating the trial court predetermined appellant's sentence, read as a whole, the comments indicate the trial court was reminding appellant that there were limited sentencing options available to the court We conclude the record does not support appellant's claim that the trial court prejudged the sentence. We resolve appellant's sole issue against him.

Appellant's name is misspelled in the written judgment. Accordingly, we modify the judgment revoking community supervision to show the correct spelling of appellant's name is Donavan Dewayne Wade. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121260F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONAVAN DEWAYNE WADE,
Appellant

No. 05-12-01260-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-58212-T).
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment revoking community supervision to correct the spelling of appellant's name to Donavan Dewayne Wade.

As modified, we **AFFIRM** the judgment revoking community supervision.

Judgment entered July 24, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE