**Affirm and Opinion Filed April 10, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

<hr />

### No. 05-13-00236-CR

<hr />

**OTIS GARDNER, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-56220-Q**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Otis Gardner, III appeals his conviction following the adjudication of his guilt for aggravated assault with a deadly weapon. In three issues, appellant contends the trial court erred by failing to allow a separate punishment hearing and the sentence assessed violates his constitutional rights. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to aggravated assault with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011); TEX. FAM. CODE ANN. §§ 71.0021, 71.005 (West 2008 & Supp. 2013). Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed appellant on five years' community supervision, and assessed a $3,000

fine. The State later moved to adjudicate guilt, alleging appellant violated the conditions of his community supervision. Appellant pleaded true to all of the allegations in a hearing on the motion. The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at ten years' imprisonment.

In his first issue, appellant contends the trial court erred by failing to conduct a separate punishment hearing, and that appellant was not allowed to present mitigating evidence. The State responds that appellant has waived his claim for appellate review and alternatively, the trial court did not err because appellant presented punishment evidence.

Appellant was entitled to a punishment hearing after the adjudication of his guilt. *See Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). However, appellant's right to a separate punishment hearing is a statutory right that can be waived. *See id.* at 886. Appellant did not complain about the lack of a separate punishment hearing either at the time he was adjudicated guilty or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, the record reflects the trial court did not prevent appellant from presenting punishment evidence and that appellant did present such evidence. *See Hardeman v. State*, 1 S.W.3d 689, 691 (Tex. Crim. App. 1999) (opportunity to present evidence is only requirement; immaterial whether evidence presented before actual words of adjudication); *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (defendant had opportunity to, and did, present punishment evidence). During the hearing, appellant testified he had used PCP and K2 while on probation, and that although he had been previously sent to SAFPF and their relapse program for drug treatment, he still wanted treatment for his drug addiction problems.

Appellant also presented testimony from his mother and a cousin. His mother stated appellant is a bipolar schizophrenic who needs treatment for his substance abuse issues. Appellant's cousin testified she believed appellant needed in-patient drug treatment for his addiction.

We conclude the trial court did not err in not conducting a separate punishment hearing after adjudicating appellant's guilt. We overrule appellant's first issue.

In his second and third issues, appellant contends the sentence is disproportionate to the offense and violates the United States and Texas Constitutions because the facts of the case do not support a ten-year prison term. Appellant asserts his testimony showed the cause of the violations was in relation to his serious drug addiction, and he should have received drug treatment. The State responds that appellant has failed to preserve his complaint for appellate review and alternatively, the sentence does not violate constitutionally prohibitions against cruel and unusual punishment.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d at 723. Thus, appellant has not preserved this issue for appellate review. Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Aggravated assault with a deadly weapon is a first-degree felony, punishable by imprisonment for five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 22.02(b)(1)). Appellant's ten-year sentence is at the lower end of the statutory punishment range. We overrule appellant's second and third issues.

We affirm the trial court's judgment.

/Kerry P. FitzGerald/
_____
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130236F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OTIS GARDNER, III, Appellant

No. 05-13-00236-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-56220-Q).
Opinion delivered by Justice FitzGerald,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered April 10, 2014.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE