**AFFIRMED as MODIFIED and Opinion Filed March 22, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01099-CR

**ANTOINE DOMINIC POWELL II, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1775327-P**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

Antoine Dominic Powell II appeals his conviction for aggravated sexual assault of a child. In two issues, appellant contends his punishment violates the objectives of the penal code and the trial court erred in sustaining the State's objections to questions about drug use in the complainant's home. In a single cross-issue, the State requests the judgment be modified to reflect the age of the complainant at the time of the offense. We agree with the State that the judgment should be corrected. As modified, we affirm the trial court's judgment.

## Background

Appellant was indicted for the offense of aggravated sexual assault of a child under the age of fourteen. Appellant waived his right to a jury trial and entered an open plea of guilty. The trial court conducted a sentencing hearing at which the complainant, the complainant's mother, and appellant testified.

At the time of the hearing, the complainant, H.C., was seventeen years old and appellant was twenty-one. H.C. testified that, when she was thirteen years old, appellant, who is her cousin, came into her room while she was asleep and "forced himself on [her.]" H.C. stated she was scared and did not know what to do. She further stated she kept "pushing him and pushing him" until he got off of her. She did not tell anyone at the time what appellant had done.

Sometime later, H.C. told her mother, C.J., that her stomach was hurting. When the pain continued to get worse, C.J. took her daughter to the emergency room. At the hospital, both H.C. and C.J. learned that H.C. was pregnant. H.C. then told her mother what had happened with appellant. A DNA test confirmed that appellant was the father of the child.

H.C. testified that, after she had the baby, she was "kicked out of school" because she did not have child care and missed too many classes. She further testified she could no longer see her friends because she was "just stuck at home taking care of the baby." According to C.J., H.C. had been an outgoing person before the assault, but she was now depressed and did not want to do anything. C.J. stated

appellant had taken both H.C.'s virginity and her future and she asked that appellant be sentenced to time in prison.

Appellant testified that, when he was a child, his mother moved to Dallas and left him with his grandmother in Florida. When appellant was eleven or twelve years old, his grandmother's boyfriend accused him of stealing. As a result, appellant left his grandmother's house and moved from place to place until he eventually joined his mother in Dallas at the age of thirteen or fourteen.

While in Dallas, appellant became close with H.C.'s older sister, Avalon, and would spend time with her at C.J.'s house. Appellant testified he would drive C.J. so that she could buy drugs including cocaine, marijuana, Ecstasy, and Xanax, and he eventually started using drugs with her. Appellant stated H.C. was usually in her bedroom while he and C.J. did drugs, but occasionally she would be "sitting around."

Although appellant conceded he must have had sexual intercourse with H.C., he stated he had no memory of the offense. Appellant stated that, on the date he thought it might have occurred, he took C.J. to her "supplier" to get some cocaine. That evening, appellant and C.J. consumed cocaine, Ecstasy, and Xanax and appellant stated he blacked out. Appellant remembered using the bathroom upstairs and going into H.C.'s room to see if she had soap. He also remembered getting angry with H.C. when she said she did not have any. But appellant said he then left H.C.'s room and went back downstairs to continue getting high. Appellant stated the next thing he remembered was finding himself driving his car in Arlington.

Appellant admitted he had blacked out on other occasions. He also conceded he had been charged with other offenses including assault family violence, unauthorized use of a motor vehicle, possession of marijuana, and failure to identify. In at least one case, appellant was placed on probation and had his probation revoked. In addition, while in prison for the current offense, appellant was "written up" multiple times for incidents including fighting with another inmate.

Following appellant's testimony, the defense read two letters of support for appellant; one written by his mother and the other by a friend. After hearing the evidence, the trial court sentenced appellant to thirty-five years in prison. Appellant filed a motion for new trial that was overruled by operation of law. He then brought this appeal.

**Analysis**

In his first issue, appellant contends the trial court abused its discretion in sentencing him to thirty-five years in prison because the sentence violates the objectives of the penal code. Appellant argues that, based on his youth and the fact that the offense was a "one-time incident" that occurred while he was high on drugs, he should have been placed on community supervision.

Generally, to preserve error, the appellant must make a timely request, objection, or motion in the trial court. *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *Littlebird v. State*, No. 05-17-00709-CR, 2018 WL 2926811, at *2 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op., not

designated for publication). Appellant made no objection at the time his sentence was imposed. Nor did he raise this issue in his motion for new trial. Accordingly, appellant did not preserve his complaint for our review.

Even if appellant had preserved this issue, we conclude his argument is without merit. Trial courts have great discretion to determine the appropriate punishment in the cases before them. *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd). As long as a sentence is within the proper range of punishment, it generally will not be disturbed on appeal. *Id*.

Appellant does not dispute that his sentence is within the proper range of punishment for the offense he committed. He argues only that his sentence does not comport with one of the primary objectives of the criminal justice system, which is rehabilitation. In addition to rehabilitation, however, the penal code's two other stated objectives are deterrence and punishment as necessary to prevent recurrence of criminal behavior. TEX. PENAL CODE ANN. § 1.02(1). Incarceration does not mean a defendant will be denied the opportunity for rehabilitation. *Foster*, 525 S.W.3d at 911.

Before announcing the sentence in this case, the trial judge indicated he was disturbed by appellant's claimed inability to remember the offense and the number of times appellant stated in his testimony that the assault was a "stupid mistake." The record indicates that appellant committed several previous criminal offenses and had not successfully completed probation. Accordingly, given the nature of the

offense, appellant's apparent unwillingness to take full responsibility for his actions, and his criminal history, we cannot conclude the trial court's sentence was an abuse of discretion. *See Garza v. State*, No. 05-11-01626-CR, 2013 WL 1683612, at *2 (Tex. App.—Dallas Apr. 18, 2013, no pet.) (mem. op., no designated for publication). We overrule appellant's first issue.

In his second issue, appellant contends the trial court erred in sustaining the State's objections to questions about drug use in the complainant's home. During defense counsel's cross examination of the complainant, he asked if appellant and others came to her house because her mother was providing them with drugs. The State objected on the ground that the question called for speculation and was not relevant. Later, during cross-examination of the complainant's mother, defense counsel again asked about her providing drugs to appellant. The State objected on the basis of relevance. The trial court sustained the State's objection, but discussed with counsel recalling the witness if other testimony demonstrated the relevance of the evidence the defense was seeking to introduce.

At the conclusion of appellant's testimony, defense counsel sought to recall the complainant's mother to the stand. The trial court responded that "if the purpose of recalling [C.J.], not saying you can't, but if the purpose is to get out the same information that your client has already testified to, the Court is well aware of what was happening at the home." Counsel responded, "Okay. That's fine then, yes. We will rest . . . ."

Appellant argues the evidence that C.J. was providing appellant with illegal narcotics was relevant to show C.J.'s potential bias as a witness and the facts and circumstances of the offense. Even assuming error was preserved after defense counsel chose to not recall C.J. as a witness, we conclude any error was harmless.

Error in excluding evidence is harmless if the same evidence is subsequently admitted without objection. *Khoshayand v. State*, 179 S.W.3d 779, 784 (Tex. App.—Dallas 2002, no pet.). Appellant testified extensively about taking C.J. to purchase drugs and his own drug use at the house on the night of the offense. The trial court, as the trier of fact in this case, indicated he was aware of this evidence and it was unnecessary to have it repeated. In deciding to not recall C.J. as a witness, defense counsel indicated that his questioning of C.J. would, in fact, elicit substantially similar testimony to that provided by appellant. Accordingly, we conclude any error in not allowing defense counsel to question H.C. and C.J. about drug use in the home was harmless. *Id.* We resolve appellant's second issue against him.

In a single cross-issue, the State requests that we modify the trial court's judgment to include the complainant's age. Appellant was convicted of aggravated sexual assault which is a "reportable conviction" under chapter 62 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. art. 62.001(5)(A). A person with a reportable conviction is required to register as a sex offender. *Id.* art. 62.051(a). Under article 42.01 of the penal code, a judgment of conviction for an offense which requires

registration as a sex offender under chapter 62 must state the age of the victim of the offense. *Id*. art. 42.01§ 1(27).

In this case, the judgment of conviction states "(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A." We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Because the age of the victim is required to be stated in the judgment, we modify the judgment by deleting the term "N/A" in the section relating to sex offender registration and replace it with the number "13."

As modified, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191099F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTOINE DOMINIC POWELL II,
Appellant

No. 05-19-01099-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1775327-P.
Opinion delivered by Justice
Reichek. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:
The term "N/A" in the section relating to sex offender registration is
    **DELETED** and **REPLACED** with the number "13."
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 22, 2021