**Reformed and Affirmed and Opinion Filed May 11, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00946-CR

### JAMES FORBIT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-52005-Q**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Appellant entered an open plea of guilty to the offense of aggravated assault with a deadly weapon, and the trial court made an affirmative deadly weapon finding and a family violence finding. The trial court assessed punishment at fifteen years in prison. In two issues, appellant argues his sentence was grossly disproportionate and inappropriate under the Eight Amendment of the U.S. Constitution and Article I, section 13 of the Texas Constitution. We affirm.

### DISCUSSION

In his first issue, appellant contends his fifteen-year sentence violates the Eighth Amendment because it is grossly disproportionate to the crime and

inappropriate to the offender. Appellant's second issue raises the same complaint under Article I, section 13 of the Texas Constitution.

However, the record must show appellant made a timely request, objection, or motion for error to be preserved on appeal. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). When appellant's sentence was announced, he did not object to the sentence as violating his constitutional rights, nor did he raise this issue in a post-conviction motion. Thus, appellant has not preserved his issues for appellate review.

And even if appellant had properly preserved the issues for our review, the sentence is not grossly disproportionate. Using nearly identical language, both the United States and Texas Constitutions prohibit cruel and/or unusual punishment and the Texas Court of Criminal Appeals has concluded there is no significant difference between the protections afforded in the two provisions. *See Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997); *see also Grigsby v. State*, No. 05-19-00738-CR, 2020 WL 2847289, at *1 (Tex. App.—Dallas June 2, 2020. pet. ref'd) (mem. op., not designated for publication); *Hornsby v. State*, No. 05-18-00479-CR, 2019 WL 3315448, at *2 (Tex. App.—Dallas July 24, 2019, pet. ref'd) (mem. op., not designated for publication). Therefore, the two claims will be analyzed together.

Texas courts have traditionally held that so long as the punishment is within

the range established by the legislature in a valid statute, the punishment assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment. *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) ("[T]his court has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition."); *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *2.

In this case, appellant was charged with and entered an open plea of guilty to the offense of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE § 22.02(a)(2). The applicable punishment range is not more than twenty or less than two years in prison and a fine not to exceed $10,000. *See id*. § 12.33(a). Appellant's fifteen-year sentence falls within this range, and, therefore, cannot be considered cruel or unusual. Accordingly, as appellant's fifteen-year sentence falls within the statutory range for the charge offense, the punishment cannot be considered cruel or unusual. *See Samuel*, 477 S.W.2d at 614; *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *2.

A very narrow exception exists that an individual's sentence may constitute cruel and unusual punishment, despite falling in the statutory range, if it is grossly disproportionate to the offense. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. To evaluate the proportionality of a sentence, we first make a

threshold comparison of the gravity of the offense against the severity of the sentence. *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. Only if gross disproportionality is found do we then compare the sentence to sentences received for similar crimes in this and other jurisdictions. *Simpson*, 488 S.W.3d at 323.

The record in this case shows appellant judicially confessed that on or about February, 13, 2018, he intentionally, knowingly and recklessly caused bodily injury to the complainant, Karla Robinson, by stabbing and cutting her with a knife; that he used a deadly weapon (a knife) during the commission of this assault; and that he had dating relationship with Robinson, a member of appellant's family and household. Evidence shows appellant stabbed Robinson in the presence of her nine-year-old son, who called 911. The recording of the child's 911 call, during which he hid in a locked bedroom, is part of the record. Robinson testified that she suffered puncture wounds to her head, breast, abdomen, hip, and leg, some of which had to be stapled to be closed. Robinson's testimony further shows that, during the assault, appellant left to get a shotgun and returned with fuel and threatened to burn down the house and kill Robinson and her son. In addition, Robinson testified there was

a prior unadjudicated offense involving appellant where they were arguing and he "kind of pushed" her, and she "may have tripped" and "slipped" backwards. Robinson's son also was present during this incident and, as Robinson acknowledged, a neighbor witnessed some of what happened.[1]

Based on this record, we cannot conclude appellant's fifteen-year sentence qualified as grossly disproportionate to the offense. Therefore, appellant's sentence does not constitute cruel and unusual punishment.

We note one clerical error in the judgment. It recites the basis for the trial court's affirmative deadly weapon finding as "Tex. Code Crim. Proc. Art. 42.12 § 3g." Article 42.12 of the Texas Code of Criminal Procedure was repealed and replaced with Chapter 42A, effective January 1, 2017. *See Wright v. State*, No. 05-19-00112-CR, 2019 WL 6124737, at *2 (Tex. App.—Dallas Nov. 19, 2019, no pet.) (mem. op., not designated for publication); *Caballero v. State*, No. 05-18-01338-CR, 2019 WL 5112270, at *1 (Tex. App.—Dallas Oct. 10, 2019, no pet.) (mem. op., not designated for publication); *Tarver v. State*, No. 05-18-00589-CR, 2019 WL 1785342, at *2 (Tex. App.—Dallas April 24, 2019, no pet.) (mem. op. not designated for publication).

The statute relevant to the trial court's entry of an affirmative deadly weapon

---

[1] Appellant argued he should receive probation and Robinson testified on his behalf, asking the trial court not to sentence him to prison. Details surrounding the offense were developed by State on cross-examination, and the court also questioned Robinson.

finding is now codified in article 42A.054(c). *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(c). The indictment alleges the offense was committed on or about February 13, 2018, and the judgment was entered on May 9, 2019. Hence, article 42A.054(c) is the applicable statute. *See, e.g., Wright*, 2019 WL 6124737, at *2 (modifying judgment to reflect correct statutory basis to support deadly weapon finding as article 42A.054(c)).

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, because the citation to Article 42.12 § 3g in the judgment is a clerical error and not an error of judicial reasoning, we modify the judgment to reflect that the statutory basis for the affirmative deadly weapon finding is "Tex. Code Crim. Proc. 42A.054(c)."

We overrule appellant's issues and, as modified, affirm the trial court's judgment.

/Lana Myers//
LANA MYERS
190946f.p05                                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES FORBIT, Appellant

No. 05-19-00946-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-52005-Q. Opinion delivered by Justice Myers. Justices Osborne and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the statutory basis for the special findings section on the second page of the judgment, "Tex. Code Crim. Proc. Art. 42.12 § 3g" is replaced with "Tex. Code Crim. Proc. art. 42A.054(c)."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of May, 2021.