**AFFIRMED and Opinion Filed May 19, 2021**



**In the**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01535-CR**

**JECOLE KEKEITH JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-54578-R**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Jecole Jackson appeals his conviction and sentence for robbery. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

As Myra Hall walked to the bus stop to pick up her young grandson, she held her keys in one hand and a cane in the other. Jackson approached her from behind and tried to take her keys, but Hall did not let go. Hall's grandson came to her as Jackson assaulted her, growling like a dog as he pulled on the keys. Jackson held a baseball bat in one hand and carried an umbrella under his arm. Although witnesses said Jackson did not swing the bat or indicate he would hit Hall with it, Hall testified she was afraid he might use the bat against her. Hall called out for help, and several

young men in the vicinity came to her aid. They took the bat away from Jackson and told Hall to let go of her keys, assuring her they would get them back from Jackson. After Hall let go, the bystanders retrieved the keys from Jackson and gave them back to Hall.

Hall called the police to report the incident, and as she called, she accidentally dropped her keys on the ground. Jackson, whose demeanor had changed by this point, calmly picked them up, apologized to Hall, and offered to give the keys back. Hall told Jackson to put the keys on the ground, and he complied. Hall's grandson retrieved the keys, and Jackson went and sat on the stoop of a nearby house.

When the police arrived and arrested Jackson, he was lethargic, slurring his speech, and mumbling. The grand jury indicted him on a charge of aggravated robbery, enhanced by two prior felony convictions, alleging that he used or exhibited the baseball bat as a deadly weapon. Jackson entered a "not guilty" plea to the charge and "not true" pleas to the enhancement paragraphs. The jury found him guilty of the lesser-included offense of robbery, found that both enhancement paragraphs were true, and assessed punishment at thirty years' confinement.

On appeal, Jackson first contends the evidence does not support his robbery conviction. We review evidentiary sufficiency under the familiar *Jackson v. Virginia*[1] standard, viewing all evidence in the light most favorable to the verdict to determine

---

[1] 443 U.S. 307 (1979).

whether the factfinder was rationally justified in finding guilt beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

As relevant here, a person commits robbery if, while committing theft and with intent to obtain control of property, the person "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE § 29.02(a)(2). Jackson concedes the evidence shows he committed theft but disputes whether it supports the jury's finding that he intentionally or knowingly threatened Hall or placed her in fear of imminent bodily injury or death.

Both Hall and her grandson testified they feared Jackson was going to hurt Hall as he tried to take her keys. Jackson nevertheless argues he did not place Hall in fear of imminent bodily injury, because he did not use the bat in a threatening manner. Even if Jackson did not threaten Hall with the bat, the jury could have concluded he placed Hall, a sixty-four-year old grandmother with her young grandson and total stranger, in fear of imminent bodily injury by growling at her while forcibly trying to take her keys and holding the bat.[2]

Jackson also contends Hall did not actually fear him because she waited at the scene until police arrived, despite his continued presence in the area. The jury could have concluded, however, that Hall felt safe enough to wait for police because

---

[2] By rejecting the aggravated robbery charge, the jury implicitly concluded Jackson did not use or exhibit the bat to facilitate the robbery. And while recognizing this, evidence uncontrovertibly established Jackson held the bat during the robbery and thus we may consider this as a factor in our review, just as the jury considered the evidence as they saw it.

multiple bystanders were there to protect her from Jackson. Indeed, Hall testified another gentleman stayed with her at the scene to make sure she was safe. Moreover, Hall testified she was determined to stay at the scene because she wanted to make sure the police arrested Jackson to prevent him from victimizing someone else.

Jackson next argues "it was evident that [he] was suffering a mental health crisis due to him speaking incoherently and growling like a dog." To the extent Jackson implies by this argument that his mental condition negated his ability to act intentionally or knowingly, we note that the jury heard evidence from which it could rationally conclude both that Jackson was high on PCP at the time of the offense and that his erratic behavior was consistent with voluntary intoxication, rather than a mental-health crisis. *See* TEX. PENAL CODE § 8.04; *Navarro v. State*, No. 05-17-01345-CR, 2018 WL 5291982, at \*5 (Tex. App.—Dallas Oct. 25, 2018) (rejecting argument that voluntary intoxication negated the mens rea for robbery).

One of the arresting officers, Sergio Ortiz, testified that, although he initially told other officers Jackson could have been suffering a mental-health crisis, his assessment changed based on his further interactions with Jackson. Later in the encounter, Ortiz asked Jackson whether he was on PCP, and Jackson responded: "I need some." Ortiz believed Jackson was coming down from a PCP high, and although Ortiz did not find PCP on Jackson at the time of his arrest, he found cigarettes commonly associated with PCP use. Ortiz also testified that a person high on PCP could act aggressively one moment and calmly the next, and he believed

Jackson's behavior was consistent with PCP use. Viewing all of the evidence in the light most favorable to the verdict, the jury could rationally conclude beyond a reasonable doubt that Jackson committed robbery.

Jackson next contends his thirty-year sentence violates the United States and Texas constitutions because it is grossly disproportionate to the offense and inappropriate to the offender. It is not. And, Jackson failed to preserve these arguments for our review by not raising them in the trial court. *See* TEX. R. APP. P. 33.1(a); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)).

We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

1901535f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JECOLE KEKEITH JACKSON,
Appellant

No. 05-19-01535-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-54578-R.
Opinion delivered by Justice Carlyle.
Justices Schenck and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 19th day of May, 2021.