**AFFIRMED and Opinion Filed June 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00558-CR**
**No. 05-21-00559-CR**
**No. 05-21-00560-CR**

**THOMAS JR GARCIA, III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 380-82267-2018, 380-82268-2018, 380-81981-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

Appellant Thomas Jr Garcia, III appeals three judgments adjudicating guilt and sentencing him to terms of imprisonment. He raises one issue in which he argues that the trial judge abused his discretion either by (1) sentencing him to prison instead of continuing his community supervision or (2) imposing excessive sentences. We affirm.

## I. Background

In 2018, appellant was charged with two first-degree felony cases of aggravated robbery. Pursuant to a plea bargain, the trial judge deferred findings of guilt, placed appellant on ten years' community supervision, and made affirmative deadly-weapon findings.

In 2019, appellant was charged with second-degree felony aggravated assault with a deadly weapon. Pursuant to a plea bargain, the trial judge deferred a finding of guilt, placed appellant on ten years' community supervision, and made an affirmative deadly-weapon finding.

In 2020, the State moved to adjudicate appellant's guilt in all three cases, alleging that appellant had violated several terms of his community supervision. At the consolidated hearing of the three motions, appellant pleaded true to the State's allegations. There was no plea agreement.

After hearing evidence and argument, the trial judge sentenced appellant to twelve years' imprisonment in one aggravated-robbery case, eight years' imprisonment in the other aggravated-robbery case, and six years' imprisonment in the aggravated-assault case.

## II. Analysis

In his sole issue on appeal, appellant argues that the trial judge abused his discretion by sentencing him to prison instead of continuing his community

supervision. Alternatively, appellant argues that the sentences imposed were excessive.

The State responds that appellant failed to preserve error in the trial court and that the trial judge did not abuse his discretion in any event.

We have held that an appellant must preserve in the trial court certain challenges to his punishment, such as challenges based on the Eighth Amendment, *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.), and challenges based on the objectives stated in § 1.02 of the Texas Penal Code, *Littlebird v. State*, No. 05-17-00709-CR, 2018 WL 2926811, at *2 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op., not designated for publication). But appellant does not rely on the Eighth Amendment or on § 1.02. Instead, he argues only that, based on the evidence, the judge's decisions do not best serve the interests of justice, the community, appellant, and his family. His appellate argument is generally similar to his closing argument in the trial court.

Assuming without deciding that appellant adequately preserved error, we conclude that appellant has not shown an abuse of discretion.

A trial judge has wide discretion in sentencing, and we generally will not disturb the decision on appeal as long as (1) the sentence is within the proper range of punishment and (2) there is some evidence upon which the trial judge could have relied in assessing punishment. *Sanchez Cabrera v. State*, No. 05-20-00293-CR, 2021 WL 1996817, at *1 (Tex. App.—Dallas May 19, 2021, no pet.) (mem. op., not

designated for publication) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).

Appellant does not dispute that his three sentences are within the statutory ranges for his crimes. Indeed, his sentences are at the lower ends of the statutory ranges. *See* TEX. PENAL CODE § 12.32(a) (sentence range for first-degree felony is five to ninety-nine years or life); *id.* § 12.33(a) (sentence range for second-degree felony is two to twenty years).

And some evidence supports the trial judge's decision that appellant's conduct warranted the prison sentences given rather than additional community supervision or shorter sentences. As to the two robbery charges, there was evidence that appellant drove three other people to a house where the other people beat one victim with a firearm and shot another victim in the chest. As to the aggravated-assault charge, there was evidence that appellant intentionally drove his car into another car, damaging that car and causing minor injuries to a person standing next to that car. Appellant admitted that he fled the scene even though he knew he had hit the other car. Appellant also admitted that he previously served six months in jail in 2017 for a felony theft offense. There was also evidence that, during his probation, appellant missed appointments with the probation office and used marijuana.

Appellant introduced evidence that he violated the conditions of his community supervision because of financial difficulties, lack of transportation, and lack of access to internet. As to the robbery charges, appellant testified that he

thought he was just taking the other people to the house so that they could purchase marijuana. As to the aggravated-assault charge, he testified that the collision was an accident and that he tried to drive away because he was scared. He testified that he would be successful if he were put back on probation.

The trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *James v. State*, No. 05-20-00453-CR, 2022 WL 780445, at *3 (Tex. App.—Dallas Mar. 15, 2022, no pet. h.) (mem. op., not designated for publication). Although appellant asserts that the trial judge ignored the evidence of appellant's circumstances and situation, nothing in the record suggests that the judge ignored any of the evidence. Some evidence, including the evidence about the seriousness of the crimes in question, supports the judge's punishment decisions. Accordingly, we conclude that the trial judge did not abuse his discretion. *See Sanchez Cabrera*, 2021 WL 1996817, at *1

### III.   Conclusion

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


210558f.u05
210559f.u05                    /Dennise Garcia// _____
210560f.u05                    DENNISE GARCIA
Do Not Publish                 JUSTICE
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JR GARCIA, III,
Appellant

No. 05-21-00558-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82267-
2018.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 10th day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JR GARCIA, III,
Appellant

No. 05-21-00559-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82268-
2018.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 10th day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS JR GARCIA, III,
Appellant

No. 05-21-00560-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-81981-
2019.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 10th day of June, 2022.