**AFFIRMED and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00105-CR**

**JEWEL DIAMOND MITCHELLTREE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 17-50318-422-F**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Osborne

Appellant Jewel Diamond Mitchelltree appeals the trial court's judgment revoking his community supervision for the offense of possession of a controlled substance. In two issues, appellant contends the trial court abused its discretion by (1) revoking his community supervision because the trial court failed to consider relevant facts and (2) sentencing him to a term of imprisonment instead of continuing his community supervision. We affirm the trial court's judgment.

## BACKGROUND

In May 2017, appellant was indicted for second-degree possession of a controlled substance. In June 2017, appellant pleaded guilty to the offense in exchange for deferred adjudication and three years' community supervision.

In March 2018, the State moved to revoke appellant's community supervision or proceed to adjudication of guilt, alleging appellant had violated several conditions of his community supervision. In July 2019, pursuant to a plea bargain, appellant pleaded true to the allegations in the State's motion, and the trial court adjudicated appellant guilty for the offense of possession of a controlled substance, a second-degree felony. In accordance with the agreement, the trial court sentenced appellant to ten years' confinement, probating the sentence for three years. In addition to the previous terms of appellant's community supervision, the trial court ordered appellant to serve 30 days in the Kaufman County Jail.

In October 2020, the State filed a motion to revoke community supervision or proceed to adjudication of guilt (Original Motion), alleging appellant had violated conditions 1, 4, 11, 12, 14, 15, 22i, and 22l of his community supervision. The State alleged that appellant had violated condition 1 by committing the offense of "ASSAULT CLASS C." In November 2020, the State filed a supplemental motion (First Supplement), alleging that appellant had violated condition 1 of his community supervision by committing the offense of "THEFT CLASS C." In December 2020, the State filed a second supplemental motion (Second Supplement),

–2–

alleging that appellant had twice violated condition 2 of his community supervision by being in possession of marijuana, per offense reports dated August 16, 2020, and November 7, 2020.

In January 2021, the trial court held a revocation hearing. Appellant pleaded "not true" to the State's allegation in its Original Motion that he had violated condition 1 by committing the offense of assault. But he stipulated as "true" the State's allegations that he had violated conditions 4, 11, 12, 14, 15, 22i, and 22l. Appellant also stipulated as "true" the allegations in the State's First Supplement that he had violated condition 1 by committing the offense of theft, Class C, but he pleaded "not true" to the allegations in the State's Second Supplement that he had violated condition 2 by being in possession of marijuana.

The State called five witnesses: Dana Covington, a probation officer in Kaufman County; Officer Mark Moore and Officer Colin Simpson, officers with the Terrell Police Department; Teresa Morrow, an asset-protection employee at Walmart; and Officer Laramie Kennedy, an officer with the Forney Police Department. After being admonished by the trial court, appellant testified on his own behalf. During the hearing, the trial court took judicial notice of the contents of its file without objection.

At the conclusion of the evidence and arguments of counsel, the trial court found that the State had met its burden to prove appellant's violation of the following conditions:

- condition 1—by committing the offense of Class C theft on November 7, 2020, in Forney, Texas;

- condition 4–failure to report as directed;

- condition 11—failure to provide non-diluted, non-adulterated urine for testing for alcohol and/or controlled substance as directed;

- condition 15—failure to perform community service as directed;

- condition 22i—failure to attend and complete the Drug Offender Education Program; and

- condition 22l—failure to attend and complete the Life Skills Program.

The trial court signed a judgment revoking appellant's community supervision and sentencing appellant to five years' imprisonment in the Texas Department of Criminal Justice.

Appellant timely filed a motion for new trial and motion in arrest of judgment, which the trial court denied that same date. This appeal followed.

## ISSUE ONE: REVOKING COMMUNITY SUPERVISION

In his first issue, appellant argues that the trial court abused its discretion by revoking appellant's community supervision. Appellant argues that time remained for him to complete his community-service hours and the required classes, and the conditions did not specify a date by which he needed to complete his hours or the courses.

We review a trial court's order revoking probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). For the trial court to revoke probation, the State must prove by a preponderance of the evidence that "the

defendant is the same individual as is reflected in the judgment and order of probation[] and that the individual violated a term of probation as alleged in the motion to revoke." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In this context, a "preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 764.

A single violation of a probation condition is sufficient to support a trial court's decision revoking probation. *Render v. State*, 2017 WL 1326055, at *2 (Tex. App.—Dallas Apr. 11, 2017, no pet.) (mem. op., not designated for publication) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). Thus, to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order. *See McCutcheon v. State*, No. 05-20-00701-CR, 2021 WL 4891772, at *1 (Tex. App.—Dallas Oct. 20, 2021, no pet.) (mem. op., not designated for publication) (citing *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

Here, the trial court found that the State met its burden to prove appellant's violation of conditions 1, 4, 11, 15, 22i, and 22l. On appeal, appellant challenges only his violation of conditions 15 (failure to perform community service), 22i (failure to complete the Drug Offender Education Program), and 22l (failure to complete the Like Skills Program). Appellant, however, had pleaded true to all three of these violations. Moreover, appellant does not challenge the trial court's findings

–5–

that he violated conditions 1 (by committing the offense of Class C theft), 4 (by failing to report), and 11 (by failing to provide a non-diluted, non-adulterated urine sample for testing as directed), to which he had pleaded true.

Accordingly, because appellant has not challenged each violation supporting the trial court's decision to revoke community supervision, *see McCutcheon*, 2021 WL 4891772, at *1, we overrule appellant's first issue.

### ISSUE TWO: IMPOSING A TERM OF IMPRISONMENT

In his second issue, appellant argues that the trial court abused its discretion by sentencing appellant to a term of imprisonment. He argues that one of the objectives of the Penal Code is rehabilitation and that it was in the best interest of society to continue appellant on probation. Appellant argues that the trial court did not provide appellant with an opportunity to be a productive member of society, contending that he has now recovered from the car-accident injuries that, he argues, had prevented him from meeting the conditions of his community supervision and from working.

To preserve error for appeal, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Appellant contends that he raised his complaint in the trial court because his trial counsel requested that appellant be continued on community supervision, but the trial court rejected that request and sentenced appellant to five years' imprisonment. Appellant argues that

his trial counsel's argument showed that he had an objection to the sentence imposed by the trial court. We disagree.

Appellant's request for community supervision at the hearing did not sufficiently appraise the trial court of the alleged error he now raises on appeal. *See Render*, 2017 WL 1326055, at *2. When the trial court pronounced his sentence, appellant did not object to the sentence. Although appellant filed a motion for new trial, he simply asserted that "[t]he verdict in this cause is contrary to the law and the evidence" and that the "trial court has the discretion to grant a new trial in the interest of justice." He did not raise the complaint that he now raises on appeal. Accordingly, because appellant failed to raise his second issue in the trial court, he did not preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a).

Even if appellant had preserved error, we would overrule his argument. Rehabilitation is not the only objective of the Penal Code; deterrence and punishment as necessary to prevent recurrence of criminal behavior are also objectives. *See* TEX. PENAL CODE ANN. § 1.02(1)(A), (C); *Render*, 2017 WL 1326055, at *2. Consequently, the trial court did not abuse its discretion by sentencing appellant to five years' imprisonment, even if the chosen sentence furthered one objective of the Penal Code more than another objective. *See Render*, 2017 WL 1326055, at *2.

**CONCLUSION**

Having resolved both of appellant's issues against him, we affirm the trial court's judgment.

210105f.u05
Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEWEL DIAMOND
MITCHELLTREE, Appellant

No. 05-21-00105-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 17-50318-422-
F.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 23rd day of August, 2022.