**AFFIRMED and Opinion Filed November 5, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00611-CR

### ARTHUR LEE BOLDON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 282nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F22-00444-S

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Appellant Arthur Lee Boldon pleaded guilty to the crime of aggravated assault

with a deadly weapon. A jury assessed his punishment at three years and six months

in prison. On appeal, appellant argues in two issues that his sentence violates his

rights under the federal and state constitutions. We affirm.

## I. BACKGROUND

Appellant was indicted for aggravated assault with a deadly weapon. He

applied for probation and elected to have a jury assess punishment in his case. He

pleaded guilty before the jury.

The evidence adduced at trial supported the following facts. In 2020, appellant was dating a woman named Zikeyah Austin. Appellant loaned Austin a Range Rover because her car was in the shop. The morning of November 13, 2020, appellant became angry with Austin and told her over the phone that he wanted the Range Rover back. Appellant went to Austin's house, but she would not open the door for him. Appellant then left, but later he returned to Austin's house and fired a shotgun into the back door. Some of the shotgun pellets struck Austin's six-year-old niece, K.F., who was inside the house at the time. Medical records indicated that K.F. suffered approximately 31 wounds on her upper right arm, chest, and the right side of her face. Austin called the police, and officers went to the scene. Appellant had left the scene, but he was taken into custody later that day.

Appellant testified to the following facts. He was almost 69 years old at the time of the shooting. He needed the Range Rover back that morning, but Austin refused to give the keys back to him. He called the police, but they offered him no help. He went to Austin's house, and they argued when she refused to give him the keys to the Range Rover. He testified, "I think she waved a gun at me," and then he went home and got his shotgun. He returned to Austin's house and went to the back door, intending to shoot the lock and get his keys. He denied that he could see people inside before he fired the shotgun. He testified that he was very sorry for what happened to K.F., that he offered to pay restitution, and that he "would offer to set up to the little girl a college fund." He also testified that the incident had taken a toll

–2–

on his health, that he could not sleep at night, and that he was on "all kind of medication."

Appellant admitted during his testimony that he called 911 after the incident and lied that Austin had shot the door. He said he did it because he was scared. He also lied to the police when they arrived at his house, saying that he had not gone to Austin's house and that he did not have any guns in his house.

Appellant was the subject of a previous and unrelated June 2010 deferred-adjudication judgment for class A misdemeanor assault involving family violence. He testified that he has never been convicted of a felony in Texas or any other state.

The jury assessed appellant's punishment at three years and six months in prison, and it imposed no fine. The jury did not recommend that the trial court suspend appellant's sentence and put him on community supervision.

Appellant timely appealed.

## II. ISSUES PRESENTED

In two issues, appellant argues that his sentence violates his constitutional rights under the Eighth Amendment to the United States Constitution and Article I, § 13 of the Texas Constitution. Specifically, he argues that his sentence is grossly disproportionate to his crime and inappropriate to him, the offender.

## III. ANALYSIS

Appellant did not raise any objections to his sentence in the trial court. Objections that a sentence is unconstitutional because it is grossly disproportionate

–3–

to the offense and inappropriate to the offender must be preserved in the trial court. *See, e.g.*, *Riley v. State*, No. 05-22-01324-CR, 2024 WL 2717722, at \*3 (Tex. App.—Dallas May 28, 2024, no pet.) (mem. op., not designated for publication) (citing *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.)); *see also* TEX. R. APP. P. 33.1(a). Accordingly, appellant's issues are not preserved for appellate review.

Moreover, we would overrule appellant's issues even if he had preserved them. Gross-disproportionality challenges are reviewed the same way under both the state and federal constitutions. *Riley*, 2024 WL 2717722, at \*3 n.1. The constitutions do not require strict proportionality between the crime and the sentence. *Id*. at \*3 (citing *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016)). They forbid only extreme sentences that are grossly disproportionate to the crime, and this standard is met only in the exceedingly rare or extreme case. *Id*. The court of criminal appeals has traditionally held that a punishment assessed within the statutory limits is not excessive, cruel, or unusual. *Simpson*, 488 S.W.3d at 323.

A gross-disproportionality challenge involves two elements. First, we consider the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Riley*, 2024 WL 2717722, at \*3. In the rare case in which this analysis supports an inference of gross disproportionality, we then compare the appellant's sentence to the sentences received by other offenders in the same

jurisdiction and to sentences that other jurisdictions impose for the same crime. *Id*. If this comparison validates the initial inference of gross disproportionality, the sentence is cruel and unusual.[1] *Id*.

Here, appellant pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b). His three-and-a-half-year sentence was at the lower end of the punishment range of two to twenty years in prison. *See id*. § 12.33(a). The offense caused serious bodily harm to K.F. and could have been even more serious. The evidence supports the conclusion that appellant's conduct was reckless and heedless of danger to any occupants of the residence in question. And appellant had a prior deferred-adjudication judgment for assault involving family violence. On the other hand, appellant testified that he was elderly, that he had health problems, and that he was remorseful and willing to make restitution. Nevertheless, considering all the relevant factors, we conclude that appellant's sentence is not so extreme as to raise an inference of disproportionality. *See Riley*, 2024 WL 2717722, at *4 (holding that four-year sentence for theft of property from a non-profit organization did not raise an inference of disproportionality). Accordingly, we do not address the second step of the gross-disproportionality analysis. *See id*.

---

[1] We note that appellant does not brief the second element of the gross-disproportionality test.

We overrule appellants' two issues on appeal, both for failure to preserve error and on the merits.

## IV. DISPOSITION

We affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
230611F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ARTHUR LEE BOLDON, Appellant

No. 05-23-00611-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F22-00444-S.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of November, 2024.