

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00192-CR

**JOSHUA CYRUS WYNN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 20-04066-CRF-272**

## MEMORANDUM OPINION

Joshua Cyrus Wynn pled guilty to and was convicted of one count of aggravated assault of a public servant, one count of aggravated assault with a deadly weapon, and two counts of deadly conduct-discharge firearm. He also pled true to the allegation in counts one and two that he used or exhibited a deadly weapon during the commission of those offenses. The court sentenced Wynn to 25, 20, 10, and 10 years in prison, respectively. We affirm the trial court's judgment.

**BACKGROUND**

In 2020, Wynn went to a park and encountered a man on a park trail. Wynn asked the man, "Are you ready? Are you ready?" before pulling out a gun and shooting the man in the stomach. Wynn walked into the nearby woods but returned and shot the man again; this time, in the shoulder. Wynn ran to a family at a nearby picnic shelter before running into the woods.

The chief deputy with the Brazos County Precinct 3 Constable's Office responded to the park for the shots-fired call and positioned himself at the south side of the perimeter which had been set up around the park. While there, he saw Wynn standing nearby but was unaware that Wynn was the person who had shot the man.

The deputy approached in his patrol vehicle to warn Wynn that officers were in the area in response to an active shooter situation. Wynn initially responded pleasantly but contorted his face and started muttering when warned that he needed to leave the area. Due to Wynn's odd behavior, the deputy turned the vehicle around to follow Wynn as he jogged away. Wynn waved to two College Station officers as he continued to jog away, but after passing the second officer, Wynn began running faster before stopping, turning around, and firing at the deputy in his patrol vehicle.

After Wynn stopped firing, the deputy exited his vehicle and ordered Wynn to get on the ground. Wynn was taken into custody by other officers. Later, officers located two bullet strikes in the apartment building across the street from a childcare center and behind where the deputy's patrol vehicle had been when Wynn shot at him. Officers also located a spent bullet in the roadway where the patrol vehicle had been, two bullet holes

in the patrol vehicle along with a hole in the deputy's hat in the seat of the vehicle, and a bullet hole in another vehicle belonging to an uninvolved citizen. Officers also recovered a handgun from Wynn which he had bought five months before the shootings.

## DEFERRED ADJUDICATION

In his first issue, Wynn contends the trial court abused its discretion in adjudicating Wynn guilty rather than deferring an adjudication of guilt.

The Texas Code of Criminal Procedure provides that:

> *if* in the judge's opinion the best interest of society and the defendant will be served, the judge *may*, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision.

TEX. CODE CRIM. PROC. art. 42A.101(a) (emphasis added). The power to defer adjudication rests solely within the discretion of the trial court. *Reed v. State*, 644 S.W.2d 479, 483 (Tex. Crim. App. 1983). The purpose of the statute is to allow the trial court the flexibility to defer adjudication for deserving defendants if, in its opinion, the best interest of society and the defendant will be served. *Id*. No defendant, absent a plea bargain, can be assured of receiving it. *Id*. at 484. Should the trial court defer the proceedings without an adjudication of guilt, the court must then, necessarily, "place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PROC. art. 42A.101(a).

The granting of community supervision is a privilege, not a right. *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014). As such, the trial court's decision whether to grant community supervision is "wholly discretionary and nonreviewable." *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999); *McElyea v. State*, No. 10-19-00296-CR, 2020 Tex.

App. LEXIS 5541, *1-2 (Tex. App.—Waco July 20, 2020, no pet.) (not designated for publication) (overruling appellant's claim that the trial court abused its discretion in denying his request for community supervision as "nonreviewable").

Wynn likens the trial court's decision not to defer an adjudication of guilt to the trial court's punishment assessment in *Jackson v. State*, where, under the limited facts of the case and over a timely objection, the trial court's punishment decision "in which there was no evidence of the offense, no information about the defendant, no punishment evidence, no plea bargain; in short, nothing at all upon which the punishment decision could have been based," was held to be an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). *Jackson* and this case are not the same. Most importantly, *Jackson* was not a review of a trial court's decision whether to defer the defendant's adjudication of guilt.

Accordingly, Wynn's first issue is overruled.

**SENTENCING**

In Wynn's second, third, and fourth issues, Wynn complains that the trial court abused its discretion in its sentencing on each count. Generally, as long as a sentence is within the proper range of punishment, the sentence will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Wynn does not contend that the sentences for each count were not within the proper range of punishment. Rather, he contends that the trial court abused its discretion in the sentences imposed when compared to the "standards" set out by the Legislature in article 37.07 of the Texas Code

of Criminal Procedure.[1]  TEX. CODE CRIM. PROC. art. 37.07, sec. 3(a)(1).  Thus, it appears that Wynn is attempting to present a disproportionate-sentence claim in these issues.

A sentence may violate the Eighth Amendment to the United States Constitution if the sentence is grossly disproportionate to the offense or to sentences in other similar offenses even if it falls within the statutory punishment range.  *See Solem v. Helm*, 463 U.S. 277, 289-90, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983).  A disproportionate-sentence claim, however, must be preserved for appellate review either by objecting when the sentence is imposed or by raising the claim in a timely-filed motion for new trial.  TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. Crim. App. 2003) (cruel and unusual punishment claims may be waived); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (to preserve gross disproportionate claim, defendant must present timely and specific request, objection, or motion).  Wynn did not preserve a disproportionate-sentence claim because he did not raise it at the time the sentence was imposed or in a motion for new trial.

Accordingly, Wynn's second, third, and fourth issues are overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

---

[1] Section 3(a)(1) does not impose standards that the trial court must follow.  Instead, it permits the trial court to consider any matter relevant to sentencing including, but not limited to, evidence such as a prior criminal record, the defendant's reputation and character, the circumstances of the offense, and evidence of extraneous offenses or bad acts.  *Id*.  To the extent Wynn's "issue" is limited to an argument that the trial court abused its discretion based upon evaluating and weighing these factors, we disagree.  Given the seriousness of the conduct, the sentences were not an abuse of discretion.

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed November 27, 2024
Do not publish
[CRPM]

